OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1921.

---

THOMAS A. CLAY, RELATOR, v. J. ALEXANDER BROWNE, RESPONDENT.

Argued February 16, 1921—Decided August 3, 1921.

When the legislature, by statute, creates an office and affixes a term to it for which each and every incumbent shall hold it, or where a municipal board pursues the same course under legislative authority conferred upon it for the purpose, the resignation of an incumbent thereof, before the expiration of the term so fixed, leaves an uncompleted term, and the vacancy can only be filled for the period that the term has to run, as provided by section 5 of the act of 1901 entitled "An act relative to the time of election and appointment and terms of office of officers elected or appointed in cities in this state." *Comp. Stat.*, p. 362. But where the fixation of the term is not attached to the office itself, but relates only to a particular incumbent thereof, then upon the termination of the right of the incumbent to continue to occupy the office, the term for which he was appointed automatically comes to an end, and no unexpired portion thereof remains to be dealt with in accordance with the statutory provisions above cited.

---

On *quo warranto*. On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the relator, *William I. Lewis.*

For the respondent, *Edward F. Merrey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This litigation involves the title to the office of health officer of the board of health of Paterson. The following is the situation disclosed by the pleadings: On the 8th of January, 1918, the board, pursuant to authority conferred upon it by section 31 of the health code (*Comp. Stat., p.* 2669), appointed one Hagen as health officer for a term of three years ending on the 1st of January, 1921. On December 14th, 1920, Hagen resigned his office. His resignation was accepted by the board, and a resolution was passed by it on the same day appointing Clay, the relator, as health officer "for a term of three years beginning upon the passage of this resolution." Pursuant to this appointment Clay accepted the office and entered upon the discharge of its duties. On January 1st, 1921, the board passed another resolution rescinding that which appointed Clay, declaring that he never was legally elected to the office, and then resolving that Browne, the respondent, "be and is hereby appointed health officer of this board for a term of five years." Pursuant to this latter resolution Browne took possession of the office, and Clay now seeks to oust him.

It was held by the Court of Errors and Appeals, in the case of *Browne* v. *Hagen,* 91 *N. J. L.* 544, that a resolution of the board of health of Paterson appointing Browne as health officer for a term of three years was justified by the thirty-first section of the health code, and that the appointee held his office for a term which was fixed by law. If, therefore, the action of the board in passing the resolution of December 14th appointing Clay for a three-year term was valid, then its subsequent action in rescinding that resolution and appointing Browne to the office was *ultra vires* and void; for Clay, having accepted the office and entered upon the performance

of his duties, and his term having been fixed by law, was not thereafter subject to removal therefrom during the continuance of that term except for cause. *Haight* v. *Love*, 39 *N. J. L.* 14; *S. C. on error, Id.* 476.

Counsel for respondent does not contest the soundness of the legal proposition we have stated. His contention is, that it is not applicable to the present situation, for the reason that by force of the fifth section of the act of 1901 entitled "An act relative to the time of election and appointment and terms of office of officers elected or appointed in cities in this state" (*Comp. Stat., p.* 632), the board of health was without power on December 14th to appoint a health officer except for the unexpired term of Dr. Hagen, *i. e.,* for the period between December 14th and January 1st then next; that its attempt to do so was in violation of the statute, and that its action was nugatory, so far as the period not embraced in Dr. Hagen's term was concerned.

The statutory provision appealed to declares that "all vacancies in offices in any city of this state arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only."

It is conceded by counsel of the respective parties that the rights of their clients depend upon the scope of this statutory provision; and we concur in this view. The question for determination, therefore, is whether the term of Dr. Hagen came to an end by force of his resignation and its acceptance; or whether that term continued to exist notwithstanding that his right to further occupy the office had ceased.

When the legislature, by statute, creates an office, and affixes a term to it for which each and every incumbent shall hold it, or where a municipal board pursues the same course under legislative authority conferred upon it for the purpose, the resignation of an incumbent thereof, before the expiration of the term so fixed, leaves an uncompleted term, and the vacancy can only be filled in the manner provided by the fifth section of the act of 1901—that is, for the period that the term has yet to run. But, in our opinion, where the fixation of the term of office is not attached to the office itself, but re-

lates only to a particular incumbent thereof, then upon the termination of the right of the incumbent to continue to occupy the office, no matter how or when the right ceases to exist, the term for which he was appointed automatically comes to an end, and no unexpired portion thereof remains to be dealt with in accordance with the statutory provision above cited.

Applying this principle to the case in hand: Upon Dr. Hagen's resignation and its acceptance the term for which he was appointed as health officer, as well as his right to continue to hold the office, came to an end; and the duty thereupon rested on the board of health not only to appoint his successor but also to fix the term for which that successor should hold the office. This duty it performed by passing the resolution of December 24th appointing the relator, Clay, to the office and fixing the term during which he should occupy it.

The relator, Clay, is entitled to judgment of ouster against the respondent, with costs to be taxed.