9 N.J. Super. 242 (1950)
75 A.2d 911
FRANK A. NINESLING, PLAINTIFF-APPELLANT,
v.
HENRY G. NULTON, CLERK OF THE COUNTY OF UNION, STATE OF NEW JERSEY, AND TOWNSHIP OF HILLSIDE, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1950.
Decided October 18, 1950.
*243 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Milton B. Conford argued the cause for appellant (Mr. Henry Goldhor, attorney).
Mr. Clarence A. Ward argued the cause for respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The question presented is whether the ballot to be printed by the Clerk of the County of Union. *244 in stating the term of office for a tax collector of the Township of Hillside to be elected November 7, 1950, shall fix the term thereof at one year from January 1, 1951, or at four years from January 1, 1951.
The previous incumbent, Arthur L. Theurer, was elected tax collector for the statutory four-year term of office at the General Election held in November, 1947, and his term would normally expire on December 31, 1951 (R.S. 40:46-6.1, as amended by L. 1945, c. 138). However, in 1948 Theurer, who had held the office of tax collector for a continuous period exceeding ten years, was entitled to the benefits of L. 1947, c. 350, and pursuant to said act the following question was presented to the voters of Hillside at the General Election held in November, 1948: "Shall Arthur L. Theurer, the present collector or receiver of taxes, hereafter continue to hold his office or position during good behavior and not be removed therefrom except for good cause shown after a fair and impartial trial, as provided in R.S. 40:46-6.14 to 6.22, inclusive (Ch. 350, P.L. 1947)?" This question was determined in the affirmative. Thereafter, Theurer continued to hold the office until his death on July 29, 1950.
R.S. 40:46-15 provides: "All vacancies in office in any municipality arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only." Had it not been for the referendum election held in November, 1948, it would be clear that the term should be stated on the ballot as one year from January 1, 1951, pursuant to the provisions of R.S. 40:46-15. The appellant argues here, as he did below, that Theurer at the time of his death was holding office for an indefinite term during good behavior, as a result of the referendum election held in November, 1948, and consequently no unexpired term of his office remained after his death. We agree.
Clay v. Browne, 96 N.J.L. 303 (Sup. Ct. 1921); affirmed, O.B., 97 N.J.L. 315 (E. & A. 1922), dealt with a provision of L. 1901, c. 18, § 5, which is almost identical with R.S. 40:46-15, and which provided:
*245 "All vacancies in offices in any city of this state arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only."
Chief Justice Gummere, speaking for the court, said:
"When the legislature, by statute, creates an office, and affixes a term to it for which each and every incumbent shall hold it, or where a municipal board pursues the same course under legislative authority conferred upon it for the purpose, the resignation of an incumbent thereof, before the expiration of the term so fixed, leaves an uncompleted term, and the vacancy can only be filled in the manner provided by the fifth section of the act of 1901  that is, for the period that the term has yet to run. But, in our opinion, where the fixation of the term of office is not attached to the office itself, but relates only to a particular incumbent thereof, then upon the termination of the right of the incumbent to continue to occupy the office, no matter how or when the right ceases to exist, the term for which he was appointed automatically comes to an end, and no unexpired portion thereof remains to be dealt with in accordance with the statutory provision above cited."
The second sentence of this quotation applies in this case. Pursuant to the provisions of L. 1947, c. 350, Theurer, after the referendum election of November, 1948, continued to hold his office or position during good behavior, or in other words, for an indefinite term during good behavior. This term of office was not affixed to the office itself, but related only to the incumbent Theurer. Upon Theurer's death, his term automatically came to an end and no unexpired portion thereof remained to be dealt with under R.S. 40:46-15. Therefore, the term of office of the tax collector to be elected at the General Election in November, 1950, will be a full term of four years.
The judgment under appeal is reversed and the cause remanded for entry of judgment consistent with this opinion.
Because of the time elements involved, the mandate shall issue forthwith.