109 N.J. Super. 200 (1970)
262 A.2d 893
VINCENTE TIBBS, PLAINTIFF-APPELLANT,
v.
HENRY BOEMI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1970.
Decided March 16, 1970.
*202 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Richard A. Kurland argued the cause for appellant.
Mr. Bernard Chasen argued the cause for respondent.
The opinion of the court was delivered by KOLOVSKY, J.A.D.
As the court noted in City of Clifton v. Zweir, 36 N.J. 309, 311-312 (1962):
The Municipal Planning Act of 1953, N.J.S.A. 40:55-1.1, et seq., applicable to all municipalities, provides for local planning board membership in four categories:
Class I  "Mayor," to serve a term corresponding to his official tenure;
Class II  "one of the officials of the municipality to be appointed by the mayor," whose term "shall terminate with the term of the mayor appointing him";
Class III  "a member of the governing body to be appointed by it" for a term corresponding to the appointee's official tenure;
Class IV  "a specified number of other citizens of the municipality to be appointed by the mayor" to serve for designated periods. (N.J.S.A. 40:55-1.4.)
The dispute in this case is as to which of the two members of the city council, of the City of Englewood, is entitled to *203 sit as the class III member of its planning board. The trial court ruled in defendant's favor and plaintiff appeals.
Plaintiff Tibbs' present term as councilman began on January 1, 1968 and will end on December 31, 1970. By resolution adopted on January 8, 1968 the city council appointed Tibbs as the "Class III Council member" of the municipal planning board "for a term corresponding to his official tenure as Councilman." It is conceded that the tenure of the councilman who had theretofore been the class III member had expired.
On December 31, 1968 Tibbs submitted his resignation as class III member of the planning board. On January 2, 1969 the city council adopted a resolution which recited Tibbs' resignation and appointed one Mettler, a member of the council whose term of office as councilman would expire on December 31, 1969, as "Class III member of the Planning Board * * * to so serve until December 31, 1969."
The next pertinent official action was a resolution adopted on December 31, 1969 by the city council, referred to in the "agreed statement of facts" as "the administration leaving office." (The reference is to the fact that as the result of the November 1969 election for councilmen to take office on January 1, 1970, majority control of the city council passed on that date from one political party to the other.)
The resolution, after reciting Tibbs' appointment on January 8, 1968 as class III member of the planning board, his resignation on December 31, 1968, Mettler's appointment on January 2, 1969 to replace Tibbs, and the submission on December 26, 1969 of Mettler's written resignation as such class III member, resolved that Mettler's resignation be accepted and appointed Tibbs
to serve out the unexpired term established by said Councilman Vincente K. Tibbs on January 8, 1968, as the Councilmanic Representative (Class III Member) to the Planning Board of the City of Englewood, as provided by N.J.S. 40:55-1.4.
*204 On January 6, 1970 the city council, the "new administration," appointed defendant Boemi as class III member of the planning board. Boemi had been elected at the November 1969 election as a councilman for a term beginning January 1, 1970 and ending December 31, 1971.
On January 13, 1970 Tibbs and Boemi each took oath of office as class III member of the planning board and each demanded to be seated as such member at the Planning Board meeting held on that day. The planning board refused to seat either. The present action was then instituted.
Resolution of the controversy requires an interpretation of N.J.S.A. 40:55-1.4 which, after providing for the four classes of members of a municipal planning board and their qualifications, reads in pertinent part as follows:
The terms of the members composing Classes I and III shall correspond to their respective official tenures. The term of the member composing Class II shall terminate with the term of the mayor appointing him. The term of one member of Class IV first appointed shall expire at the end of each year beginning at the end of the first year. Thereafter the term of each shall be the same number of years as there are members of Class IV on the board. If a vacancy in any class shall occur otherwise than by expiration of term, it shall be filled by appointment as above provided for the unexpired term.
In determining how the statute is to be construed we, of course, give due consideration to the views expressed by the attorneys for the respective parties but are not bound by the concession or agreement of counsel as to how the statute is to be interpreted. Know the Facts Inc. v. Ryan, 48 N.J. Super. 453, 456 (Ch. Div. 1958); Annotation, "Stipulation of parties as to the law," 92 A.L.R. 663, 669 (1934).
It is not controlling that this case was argued in the trial court and is argued here on the theory concurred in by both plaintiff and defendant, that the statutory provision for filling a vacancy occurring "otherwise than by expiration of term" applies to the office of class III member of the planning board.
When questioned at oral argument both counsel indicated that they attach no significance to the fact that the *205 statute does not fix a calendar term for the office of class III member although it does just that in the case of the class IV offices, viz.,
The term of one member of Class IV first appointed shall expire at the end of each year beginning at the end of the first year. Thereafter the term of each shall be the same number of years as there are members of Class IV on the board.
"Year" as thus used in the statute means a calendar year. Newman v. Borough of Fair Lawn, 31 N.J. 279 (1960); N.J.S.A. 1:1-2.
The statute provides with respect to class III members that their terms "shall correspond to their respective official tenures [as members of the governing body of the municipality]."
It is counsels' thesis that when a member of the municipality's governing body is appointed as a class III member of its planning board either initially on the creation of the board or thereafter following the expiration of the tenure of a prior incumbent class III member, such appointment establishes a calendar term for the office of class III member, a term equal to the unexpired period of the appointee's term as member of the governing body of the municipality.
We do not agree. Counsels' hypothesis and their conclusion that the statutory provision relating to vacancies applies to class III members of the planning board ignore the distinction recognized in our law between cases in which the term of office is attached to the office itself and those in which it relates only to a particular incumbent thereof. Clay v. Browne, 96 N.J.L. 303, 305-306 (Sup. Ct. 1921), aff'd o.b. 97 N.J.L. 315 (E. & A. 1922); see also Ninesling v. Nulton, 9 N.J. Super. 242, 245 (App. Div. 1950).
In Clay v. Browne, supra, the parties contested title to the office of health officer of the Paterson Board of Health. On January 8, 1918 the board, pursuant to the power granted it by Comp. Stat., p. 2669, "to appoint such subordinate officers and agents * * * as they may deem necessary, to fix the terms *206 of such appointments, and the compensation of such appointees," had appointed one Hagen as health officer for a term of three years ending January 1, 1921. On December 14, 1920 Hagen resigned and on the same day the board appointed Clay to that office for a term of three years beginning on that date. Clay assumed office, but on January 1, 1921 the board passed a resolution reciting that Clay had not been legally appointed to the office, rescinding the resolution which had appointed him, and appointing Browne as health officer for a term of five years.
Browne contended that "the board of health was without power on December 14th to appoint a health officer except for the unexpired term of Dr. Hagen, i.e., for the period between December 14th and January 1st then next," this because the pertinent statute (Comp. Stat. p. 632) provided that
all vacancies in offices in any city of this state arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only.
In ruling in Clay's favor and holding that
Upon Dr. Hagen's resignation and its acceptance the term for which he was appointed as health officer, as well as his right to continue to hold the office, came to an end. [96 N.J.L. at 306],
the court said:
It is conceded by counsel of the respective parties that the rights of their clients depend upon the scope of * * * [Comp. Stat. p. 632, quoted above]; and we concur in this view. The question for determination, therefore, is whether the term of Dr. Hagen came to an end by force of his resignation and its acceptance, or whether that term continued to exist notwithstanding that his right to further occupy the office had ceased.
When the Legislature, by statute, creates an office, and affixes a term to it for which each and every incumbent shall hold it, or where a municipal board pursues the same course under legislative authority conferred upon it for the purpose, the resignation of an incumbent thereof, before the expiration of the term so fixed, leaves an uncompleted term, and the vacancy can only be filled in the manner *207 provided by the fifth section of the act of 1901; that is, for the period that the term has yet to run. But, in our opinion, where the fixation of the term of office is not attached to the office itself, but relates only to a particular incumbent thereof, then upon the termination of the right of the incumbent to continue to occupy the office, no matter how or when the right ceases to exist, the term for which he was appointed automatically comes to an end, and no unexpired portion thereof remains to be dealt with in accordance with the statutory provision above cited. [at 305-306]
The rule stated in the second quoted sentence is fully applicable to the instant case, where it is also true that "the fixation of the term of office is not attached to the office itself, but relates only to a particular incumbent thereof." The term of office of a class III member is not attached to the office itself; it relates only to and is determined and fixed by the identity of the particular member of the governing body of the municipality who is chosen and appointed to act as the class III member of the planning board. The term will vary depending on who is chosen and the happenstance of the length of his unexpired tenure as member of the governing body.
When, on December 31, 1968, Tibbs resigned as class III member, the term for which he had been appointed as such member, as well as his right to continue to hold the office, came to an end. No unexpired portion of his term remained to be dealt with pursuant to the provision for filling vacancies found in N.J.S.A. 40:55-1.4.
The same is true with respect to the situation on December 26, 1969 when Mettler resigned as class III member. Tibbs' appointment on December 31, 1969 as such member was not an appointment to fill a vacancy but an original appointment for a term corresponding to the balance of his term as councilman, viz., until December 31, 1970. The fact that the resolution of December 31, 1969 referred to the appointment as one "to serve out the unexpired term established by * * * Tibbs on January 8, 1968" is legally irrelevant. Newman v. Borough of Fair Lawn, 31 N.J. 279, 288 (1960); Gillson v. Heffernan, 40 N.J. 367, 375 (1963).
*208 We add that even if we were to accept the parties' interpretation of the statute, we would still hold that Tibbs' appointment on December 31, 1969 was effective as an appointment for a period ending December 31, 1970.
Under the parties' construction of the statute, the term of the office of class III member was established as a term ending December 31, 1970 (the date of expiration of Tibbs' "official tenure" as a councilman) upon Tibbs' original appointment on January 8, 1968 to succeed the prior class III member whose tenure had ended.
Any subsequent appointment to that office made in the period prior to December 31, 1970 would then be an appointment for the unexpired portion of the term ending December 31, 1970. This would include not only Mettler's appointment on January 2, 1969 but also Tibbs' appointment on December 31, 1969, so that there was no existing vacancy when the council, on January 6, 1970, purported to appoint defendant Boemi as the class III member.
Contrary to what defendant argues and the trial court held, we are satisfied that the term of the office, if thus created on Tibbs' original appointment as a term ending December 31, 1970, was not altered by what thereafter transpired. The fact that Mettler, appointed on January 2, 1969 to fill the "vacancy" resulting from Tibbs' resignation, would not be qualified to sit as class III member beyond December 31, 1969 because his term as councilman would then expire, would not affect the term of the office; his disqualification would result only in the creation of a vacancy in the office.
An additional contention advanced by defendant Boemi remains to be considered. He argues that even if Tibbs' appointment on December 31, 1969 be deemed effective as an appointment for the period ending December 31, 1970, the appointment was effectively revoked by the council's resolution appointing Boemi to the office adopted on January 6, 1970, a date prior to the date (January 13, 1970) Tibbs took and subscribed to his oath of office as class III member, as called for by N.J.S.A. 40A:5-33.
*209 There is no merit in defendant's contention. Tibbs' appointment as class III member by the city council became complete on December 31, 1969 when the resolution appointing him was adopted. Absent fraud or other invalidating element, neither of which is present here, the appointment thus made could not be revoked by the appointing authority. 3 McQuillin, Municipal Corporations (3 ed., rev. 1963), § 12.86.
The judgment is reversed and the cause remanded to the Law Division for entry of judgment that plaintiff Tibbs holds title to and is entitled to sit as the class III member of the planning board of the City of Englewood. No costs to either party.
CONFORD, P.J.A.D. (dissenting).
I think the court takes unwarranted liberties with the statute (N.J.S.A. 40:55-1.4) when it concludes that the reference in the last sentence, "vacancy in any class," excludes vacancies in class III. There is no good reason to ignore the express language used.
To me, the provision
"If a vacancy in any class shall occur otherwise than by expiration of term, it shall be filled by appointment as above provided for the unexpired term."
means that the term of the appointee shall be for the same period of time that the immediate predecessor  the one as to whom a vacancy has arisen  could have continued lawfully to serve if the contingency causing the vacancy had not arisen. In this instance, since Mettler's lawful term would have expired at the end of the day on December 31, 1969, any appointment to fill his place made while that vacancy still existed could only have been for a period until the end of that day. Since the appointment of Tibbs by the council on that day could not legally have been for a longer period, there was a new vacancy on and after January 1, 1970 which the council could properly fill thereafter, as it did by appointing Boemi. Had the council not acted in respect of the Mettler vacancy *210 until January 1, 1970 or thereafter, there would then have been no difficulty in appointing Tibbs for a new term for the period of his remaining tenure as councilman since there would no longer have existed an "unexpired term" of Mettler to fill.
I find nothing in Clay v. Browne, relied upon by the majority, to warrant a different construction of the statute from what is set forth above. The statute there involved concerned "all vacancies in offices * * * arising from or created by any other cause than expiration of term of office * * *." (96 N.J.L., at 305, emphasis mine). The instant act relates to "vacancies in any class" (emphasis mine) and to "expiration of term." I do not believe the Legislature in the present instance was writing from a mental background of distinctions between terms "attaching to the office" and those "relating to a particular incumbent."
The language used is simple and non-technical and should be given the interpretation which would readily come to the minds of laymen called upon to administer it. As indicated, this means that the "unexpired term" is that of the last incumbent, not some prior incumbent.
My view of the statute also repels the theory advanced by appellant  that the "term" of planning board member requiring filling on Mettler's resignation was that begun by Tibbs on the occasion of his first appointment on January 8, 1968. That term, in the presently relevant sense, ended forever when Tibbs resigned as a member of the planning board on December 31, 1968. When Mettler was appointed to succeed him on January 2, 1969 he began a new term of his own as planning board member  one which under the statute would be measured, as a maximum, by the period of time Tibbs had yet to serve when he resigned, but not for a longer period than he, Mettler, himself had left to serve as councilman. The latter statutory qualification caused Mettler's term as planning board member to terminate December 31, 1969, and accordingly, as concluded first above, any appointment of a class III member to succeed him, *211 made before the end of that term, could legally vest in his successor only a term for the then remaining period of Mettler's term.
I would affirm.