LARRY BUTLER, PLAINTIFF–APPELLANT, v. NICHOLAS AMA-
TO, COUNTY EXECUTIVE OF ESSEX COUNTY, AND
COUNTY OF ESSEX, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 8, 1988—Decided March 23, 1988.

Before Judges PRESSLER, BILDER and MUIR.

*Ronald C. Hunt* argued the cause for appellant (*Ashley and Charles,* attorneys; *Thomas R. Ashley,* of counsel and on the brief).

*Lucille LaCosta–Davino,* Assistant County Counsel, argued the cause for respondents (*H. Curtis Meanor,* Acting Essex County Counsel, attorney; *Lucille LaCosta–Davino,* on the brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

This controversy requires us to determine the term of office of a county jail warden appointed to fill a vacancy caused by the death of a tenured incumbent. The issue is whether the appointment is for a new three-year term pursuant to *N.J.S.A.* 30:8–15 or for the extrapolated balance of his predecessor's term. The trial judge concluded that the appointment is for the "balance" of the predecessor's term. We disagree and, accordingly, reverse.

The essential facts are set out at length in the trial court's opinion, 220 *N.J.Super.* 409 (Law Div.1987). In brief, in January 1976 Albert Collier was duly appointed to a three-year term as warden of the Essex County jail in accordance with *N.J.S.A.* 30:8–15 which prescribes that term of office. In January 1979,

upon the expiration of his term, Collier was reappointed to the office. That reappointment was attended by the right of tenure pursuant to *N.J.S.A.* 30:8–15.2, adopted five years after the enactment of *N.J.S.A.* 30:8–15 and providing that

Any person now or hereafter holding such office, position or employment, who has been or shall be appointed for a full term of three years and after serving such full term shall be reappointed to such office, position or employment, shall, from and after his said reappointment, continue to hold such office, position or employment during good behavior and efficiency and shall not be removed therefrom except as provided in section one of this act [*N.J.S.A.* 30:8–15.1].

Collier died in July 1984, leaving the office of warden vacant. On December 4, 1984 then Essex County Executive, Peter Shapiro, appointed plaintiff Larry Butler to the office. Defendant Nicholas Amato succeeded Peter Shapiro as County Executive effective January 1, 1987. In preparation for taking office, Amato wrote to Butler on December 5, 1986, requesting his resignation since he, Amato, wanted his own "management team." Amato nevertheless assured Butler that he would consider retaining him in the office of warden or in any other capacity Butler was interested in. Butler complied with Amato's request, submitting his resignation as of January 1, 1987, by a letter requesting Amato to retain him. Amato did not, and Butler instituted this action claiming that his term of office continued until December 1987, that his resignation was not voluntary, and that his termination by Amato violated his First Amendment rights.

The trial judge dismissed Butler's complaint following hearings on the order to show cause by which the action was commenced. The basis of the judge's decision was his conclusion that on January 2, 1987, the date on which Amato accepted Butler's resignation, Butler's status was that of a holdover in office and that he was therefore terminable at will by the appointing authority. In reaching this conclusion, he relied on *N.J.S.A.* 30:8–15, which expressly provides that a vacancy in the office of warden shall be filled for the unexpired term. He reasoned, therefore, that the entire period of Collier's incum-

bency should be viewed as a succession of separate three-year terms commencing January 1976 when he was first appointed. Thus, he would have started separate three-year terms in January 1979 when he was reappointed, and in January 1982. The January 1982 term would then have expired December 31, 1984. He was thus satisfied that the balance of the term to which Butler was effectively appointed on December 4, 1984 was the term which came to an end three weeks later. Thus, he concluded that from January 1, 1985 forward, Butler was merely a holdover in office.

■ Had *N.J.S.A.* 30:8–15 not been supplemented by the subsequent adoption of *N.J.S.A.* 30:8–15.2, we would have agreed. *See Monte v. Milat*, 17 *N.J.Super.* 260, 268 (Law Div.1952). Our difference with the trial judge lies in the significance of that later enactment. As we read *N.J.S.A.* 30:8–15.2, its import is to abrogate the scheme of a fixed term provided for by 30:8–15 upon the incumbent's reappointment and to substitute therefor a right of tenure in office. Clearly, when an incumbent is reappointed, he is not permitted to be appointed for an additional fixed term or for any term limited by a number of years. He is required by the statute to be permanently appointed to the office, removable therefrom only by cause. In short, he is accorded tenure, not a fixed term.

■ That that was the intent of the statute is clear from its legislative history. Accompanying the assembly bill, which was enacted as *L.*1950, *c.* 19 was this sponsor's statement:

> *This bill is a step in the direction of providing careers* for tried governmental officials, particularly in the firld [sic] of crime and rehabilitation. It provides that where a warden of a large penitentiary having the custody of hundreds of prisoners in need of vocational training and rehabilitation serves *a full trial period as warden for three years* and is deemed by the governing body to have earned reappointment, and has, moreover, moved his family to the premises of the penitentiary, he shall hold that office during good behavior, and shall not be removed without cause.
>
> More and more it is publicly recognized that experience and fitness, which can be determined during *an initial three-year term*, should be the basis for retention in office. Many States, as well as New Jersey in many instances, have legislation of this kind. It is in the interest of the public in order to get

capable men to accept full-time positions, where they can earn retention in office and *make a life career. Wherever full-time employment in such a responsible position is subject to termination by whim or political motive, many capable experienced men will not accept such offices at the salaries usually paid. They will, however, accept such positions where they can earn the right to pursue a career in that office.* [Statement to A–151, *L*.1950, *c.* 19 (emphasis added)]

Although we recognize that a sponsor's statement is not conclusive as to the Legislature's intent, it does constitute a valuable interpretative aid, especially where, as here, the bill as introduced was not significantly changed before passage. *See State v. State Supervisory Employees Association,* 78 *N.J.* 54, 69–70 (1978); *Illes v. Edison Tp. Zoning Bd. of Adj.,* 203 *N.J.Super.* 598, 607 (Law Div.1985). We accordingly are convinced that both the express and intended effect of reappointment under *N.J.S.A.* 30:8–15.2 is to convert the term of office from the three-year initial term provided for by *N.J.S.A.* 30:8–15 into an indefinite term.

The consequence of this conclusion is clear. Since an indefinite term is, by definition, one not circumscribed by a definite number of years, it cannot, at any time during its duration, have a determinable balance remaining. And since that is so, then there is no determinable balance of the term to which a successor can be appointed. The term continues until that as yet unascertainable time when the incumbent dies, is disqualified, or is removed, and when that event occurs, the term has ended, leaving no unexpired balance. Inevitably then, when the vacancy occurs after the incumbent's reappointment, his successor must be appointed to his own initial three-year term. We therefore conclude that Butler's appointment to office on December 4, 1984 was by operation of law a three-year appointment not terminating until December 3, 1987. He was entitled to remain in office until that date.

This conclusion in consistent with our holding in *Ninesling v. Nulton,* 9 *N.J.Super.* 242 (App.Div.1950). We dealt there with the office of tax collector, governed by *N.J.S.A.* 40:46–6.1, which fixes the term of office at four years. That statute was

supplemented by the later enactment of *N.J.S.A.* 40:46–6.14, which confers tenure on long-time holders of that office upon their meeting the conditions therein prescribed. In *Nineslding,* the incumbent of the office died after having achieved tenure, necessitating the election of a new tax collector. *N.J.S.A.* 40:46–15 provides that vacancies resulting in any municipal office for any reason other than expiration of the term be filled for the unexpired term only. The question then was whether the new tax collector would be elected for a full four-year term or for the "balance" of the deceased incumbent's term as ascertained by dividing his entire period of service into successive four-year terms. We concluded that the term of the successful candidate would be four years. We reasoned that upon the incumbent's achieving tenure status, he "continued to hold his office or position during good behavior, or in other words, for an indefinite term during good behavior." Consequently, upon the incumbent's death, "his term automatically came to an end and no unexpired portion thereof remained to be dealt with under *R.S.* 40:46–15." 9 *N.J.Super.* at 245. Just so here.

Since we have concluded that Butler had a three-year term of office expiring on December 3, 1987, we need not consider his alternative contention that his removal violated his First Amendment rights in a manner prescribed by *Elrod v. Burns,* 427 *U.S.* 347, 96 *S.Ct.* 2673, 49 *L.Ed.*2d 547 (1976), and *Branti v. Finkel,* 445 *U.S.* 507, 100 *S.Ct.* 1287, 63 *L.Ed.*2d 574 (1980). We do not in any event read those cases as proscribing a politically motivated failure to reappoint following the expiration of a fixed term.

The remaining question is whether Butler should be bound by the resignation he submitted during his three-year term. The trial court, because of the manner in which he construed the statute, did not reach this issue, and we are satisfied that it must now be addressed by an evidential hearing. Butler claims he did not voluntarily abandon his office but did so either under

duress or as the result of remediable mistake. These are factual issues requiring resolution by the trial court.

Finally Amato argues before us that *N.J.S.A.* 30:8–15 no longer governs appointment of wardens because of the 1972 adoption of the Optional Charter Law, *N.J.S.A.* 40:41A–1 *et seq.*, –27 and –37. This issue was not, however, raised in the trial court, and we therefore decline to address it. *See Skripek v. Bergamo*, 200 *N.J.Super.* 620, 629 (App.Div.1985), certif. den. 102 *N.J.* 303 (1985). We note only that the conclusion urged by defendant is, in our view, by no means clear, and in view of our disposition, he is in any event free to seek leave from the trial court to raise this issue on remand.

The judgment appealed from dismissing the complaint is reversed, and the matter is remanded to the trial court for further proceedings consistent herewith.