LARRY BUTLER, PLAINTIFF–APPELLANT, v. NICHOLAS AMA-
TO, COUNTY EXECUTIVE OF ESSEX COUNTY, AND
COUNTY OF ESSEX, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 12, 1989—Decided December 29, 1989.

Before Judges PRESSLER, LONG and LANDAU.

*Ronald C. Hunt* argued the cause for appellant (*Ashley & Charles,* attorneys; *Ronald C. Hunt* on the brief).

*H. Curtis Meanor,* Acting Essex County Counsel, argued the cause for respondents (*Lucille LaCosta–Davino,* Assistant County Counsel, on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

This case came to us on appeal by plaintiff Larry Butler from summary judgment awarded to defendants Nicholas Amato and the County of Essex in Butler's action in lieu of prerogative writs challenging the legality of his resignation from the office of Warden of the Essex County Jail. The County's summary judgment motion followed our decision in *Butler v. Amato,* 224 *N.J.Super.* 124, 539 *A.*2d 1241 (App.Div.1988) [1] in which we held that Butler's 1984 appointment by the then County Executive to fill a vacancy caused by the death of the tenured incumbent warden was for a three-year term expiring December 3, 1987, subject to exploration of the effect of the Optional Charter Law.

We remanded to permit the trial judge to consider the validity of Butler's resignation, which had been requested by the newly elected County Executive, and also to permit him to address the newly raised but crucial question of whether *N.J.S.A.* 30:8–15 continues to govern appointment of wardens where the Option-

[1]The underlying facts of this dispute are set forth in the initial decision of the trial judge, reported at 220 *N.J.Super.* 409, 532 *A.*2d 29 (Law Div.1987).

al Charter Law, *N.J.S.A.* 40:41A-1, *et seq.*, -27 and -37, has been adopted.

In its motion for summary judgment on remand, the County urged essentially that the issue of invalidity by reason of duress or mistake was made irrelevant by the controlling effect of Essex County's adoption of the County Executive Plan pursuant to *N.J.S.A.* 40:41A-31, *et seq.*, and that as *N.J.S.A.* 30:8-15 and *N.J.S.A.* 30:8-15.2 are not "general laws" as defined in *N.J.S.A.* 40:41A-26, the dominant applicable statute, *N.J.S.A.* 40:41A-37, grants to the County Executive power to appoint and, in his discretion, remove an official in the unclassified service such as the warden. Butler relied below, as here, primarily on the applicability of *N.J.S.A.* 30:8-15, because the former County Executive certified that his appointment was made under that statute. Butler contends that he would have finished the three-year term, save for a coerced resignation.

We have considered carefully the briefs and arguments of counsel in light of the record and applicable law, and we concur in the County's legal argument as did Judge Yanoff in his written opinion of August 15, 1988. Judge Yanoff correctly construed our previous opinion to leave open the question of applicability of *N.J.S.A.* 30:8-15. We share the view, implicit in his decision, that as the Optional Charter Law gives the County Executive statutory authority to remove a public officer at will, his request for a resignation or offer of an opportunity to resign does not itself constitute duress.[2] There are similar holdings throughout the country in cases where resignation is offered as an alternative to termination for cause, a situation with far greater potential for improper coercion. *See, e.g., Fox v. Piercey*, 119 *Utah* 367, 227 *P.*2d 763, 767 (1951); *McQuillan, Municipal Corporations*, § 12.122, n. 2.

Affirmed.

---

[2] Butler's attorney conceded at oral argument that if the County's Optional Charter Law argument was accepted, his duress argument was moot.