LOUIS F. BRICKETT, PROSECUTOR-APPELLEE, v. FRANK LAGAY, THEODORE K. FERRY, EDWARD P. R. McNAMARA, JOSEPH GIULIANO, ROBERT J. NEILLEY, PASSAIC VALLEY SEWERAGE COMMISSIONERS, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, RESPONDENTS-APPELLANTS.

Argued October 19, 1945—Decided January 31, 1946.

For the prosecutor-appellee, *Foley & Francis* (*Gerald T. Foley*, of counsel).

For the respondents-appellants, *Louis Auerbacher, Jr.*

The opinion of the court was delivered by

FREUND, J. The prosecutor, Louis F. Brickett, was allowed a writ of *certiorari* to review a certain resolution of the appellants, Passaic Valley Sewerage Commissioners, dated May 22d, 1944, removing the prosecutor from his employment with the appellants, as river inspector. The Supreme Court

set aside the resolution under review and appellants appeal to this court alleging that the Supreme Court erred in setting aside said resolution.

The prosecutor is an honorably discharged veteran of the First World War and claims to have tenure by virtue of the provisions of *R. S.* 38:16–1, as amended, *Pamph. L.* 1942, *ch.* 83, *p.* 326, which provides that:

"No person now holding any employment, position or office under the government of this State, or the government of any county or municipality, including any person employed by a school board or board of education, or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law, and receiving a salary from such state, county or municipality, including any person employed by a school board or board of education, who has served as a soldier, sailor, marine or nurse, in any war of the United States * * *, and has been honorably discharged from the service of the United States, * * * shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons."

Prosecutor was not given a hearing, nor was cause shown for his dismissal. Prosecutor contends that he could not be removed from his employment with appellants "except for good cause shown after a fair and impartial hearing," and further maintains that he was entitled to hold his position "during good behavior."

The appellants contend that Brickett, as an employee of the Passaic Valley Sewerage Commissioners, does not hold a position "under the government of this state, or the government of any county or municipality, including any person employed by a school board or board of education" and does not receive a salary "from such state, county or municipality." *Vide R. S.* 38:16–1. That is the determinative question.

The Supreme Court held that, since the Sewerage Commission is "an 'arm of the state' wielded for the achievement of public purposes in which the state has an interest and is

a 'corporate agency of the state,' a person holding a position with the commission holds a position under the government of this state within the meaning of *R. S.* 38:16-1, *supra."*

The appellants employed and discharged appellee pursuant to the authority vested in appellants by *R. S.* 58:14-6, which provides that the commissioners shall annually organize and "may, from time to time, appoint such other officers, attorneys, agents, engineers, employees and assistants as they may deem necessary to carry out the purposes of this chapter, and may prescribe their duties, fix their compensation and remove them at pleasure." The legislation that modifies this latter provision must clearly evince a legislative design so to do.

The legislature, by *R. S.* 38:16-1, *supra,* clearly intended to limit the provisions of the statute to persons holding "employment, office or position" within certain limited fields of governmental activity, as expressly stated in the statute. The provisions of *R. S.* 38:16-1, *supra,* must be limited in their application to what is specifically intended by the legislature which enacted the statute. We cannot enlarge or write in that which the legislature has not seen fit to include.

It seems clear that the legislature, for what it considered good and sufficient reasons, did not intend to protect any of appellants' employees against removal; certainly we must assume so in the absence of a definite expression to the contrary. In the absence of such expression, it is to be assumed that the provisions authorizing the removal of employees at the pleasure of the appellants prevail in all cases. If the veterans' tenure provisions of *R. S.* 38:16-1, *supra,* were to be all embracive, why the restrictive clauses? The employees of all municipalities are employees under the government of the state and receive their compensation from the state, in the broad sense adopted by the Supreme Court. If the phrase "under the government of this state" is subject to this broad interpretation, why the restrictive provision for counties and municipalities, for the latter are also arms and agencies of the state for the purposes of local government.

It is to be observed that this court, in *Van Cleve* v. *Passaic Valley Sewerage Commissioners,* 71 *N. J. L.* 574, held that Passaic Valley Sewerage Commissioners is not a part of the

government of the state. At page 583 thereof, this court said, with reference to the act creating the commissioners:

"The two other significant features of the act are—first, that it authorizes the imposition of a tax for the purification of a sewerage district established by the legislature upon an area that is greater in extent than such district; and second, that neither such taxation area nor such sewerage district are political divisions of this state * * *."

*Vide, Berdan* v. *Passaic Valley Sewerage Commissioners,* 82 *N. J. Eq.* 235; *affirmed,* 83 *Id.* 340, on the opinion of Vice-Chancellor Backes, who said at *p.* 238 thereof:

"* * * The sewerage commission is merely an instrumentality, afforded by the legislature, by which the municipalities are enabled to carry out the project outlined, and in a measure defined by the statute; * * *."

We agree with the court below wherein it said that appellants "are not constituted a municipal body," as was held in *Van Cleve* v. *Passaic Valley Sewerage Commissioners, supra.* We further agree with its conclusions that appellants "are not a county, school board or board of education," so that, if the prosecutor is to succeed in his claim to tenure, it must be found that he held his position under the government of this state and receives his salary from the state.

The Passaic Valley Sewerage Commissioners were created by an act of the legislature, *R. S.* 58:14–1, *et seq.,* and for the purpose of the question raised in this proceeding, we do not construe appellants as an agency of the state so as to bring the appellee within the purview of *R. S.* 38:16–1, *supra.* There can be no doubt that the appellant performs a public function, created by the legislature with certain definite corporate powers, but *R. S.* 38:16–1 also provides that, for an employee to be protected under the statutes aforesaid, such employees must also receive his "salary from such state, county or municipality, including any person employed by a school board or board of education, * * *" which brings us to the inquiry, from whom did the appellee receive his salary.

Assuming, without conceding, for the present purposes that prosecutor held a position "under the government of this state," he was not as such in the receipt of his "salary from

such state." The court below held that since "The funds from which the salary of the prosecutor is paid are received from municipalities and individuals or private corporations under contracts for the use of the sewerage facilities of the defendants," it "would follow that funds received by an agency of the state in the performance of a state function are, in essence, funds of the state, and that, therefore, the prosecutor received his salary from the state regardless of the channels through which it reached him." This we consider a strained interpretation which does violence to the legislative purpose. The legislature gave this commission a status peculiar to itself, *R. S.* 58:14–1, *et seq.* It is *sui generis.* It is undoubtedly an agency of the state, performing public functions, but it is not a municipal corporation and the legislature has clearly distinguished between such *sui generis* bodies and municipal corporations. *Vide, Van Cleve* v. *Passaic Valley Sewerage Commissioners, supra.* It is not sufficient under the statute that the prosecutor shall hold his employment under the government of the "state, or the government of any county or municipality;" he must also receive his "salary from such state, county or municipality." When we read the provisions of the statute, *R. S.* 38:16–1, in the light of *R. S.* 58:14–1, *et seq.*, creating this commission, authorizing and empowering the commission to remove its appointees "at pleasure," it would seem that the legislative purpose was to make the provision of the tenure statute applicable only to those receiving their salaries from the state, county or municipality.

The legislature has, from time to time, created various departments of the state government, which are generally known as state agencies, departments or divisions of the state government. They are, however, strictly speaking, departments or divisions of the state government. Each one of these agencies, departments and divisions of the state government pays its employees and officers from funds paid from the state treasury when previously appropriated by the legislature through an annual appropriation bill. The employees of the Passaic Valley Sewerage Commissioners are paid from funds received only from municipalities and corporations using the facilities of the Passaic Valley trunk sewer system

and no moneys whatsoever are paid from the state treasury to the Passaic Valley Sewerage Commissioners. The moneys disbursed by appellants are not subject to the provisions of the constitution, article IV, section 6, paragraph 2, that "No money shall be drawn from the treasury but for appropriations made by law."

The various amendments to the Veterans' Tenure Act, designed to broaden its provisions, are indicative of a legislative conception quite at variance with that found by the Supreme Court. It is significant, in reading the various amendments to the Veterans' Tenure Act, that the legislature did not expressly include employees of the appellants until after the dismissal of Brickett. We can only assume, in studying the progression of this legislation, that the enactment of chapter 175, *Pamph. L.* 1945, suggests a legislative understanding that the pre-existing statute had not extended tenure to employees of this particular commission.

The legislation under which appellants function has always been construed, administratively, as denying the category of state employees to the members of appellants' staff. They have not been accorded the benefits of the civil service laws nor the state retirement funds. It seems clear to us that the additional requirement that the employee shall receive a salary from the state, county or municipality manifests a purpose to exclude the employees of a commission such as appellants. This, we think, indicated a purpose to exclude from the operation of *R. S.* 38:16–1, *supra,* the employees of this particular commission who, under the creating statutes, are subject to removal at the pleasure of the commission. If the phrase "under the government of this state," be given interpretation adopted by the court below, we can see no need whatsoever for the provision that the salary of the particular employee shall also be paid by the state.

The judgment below is reversed, and the writ of *certiorari* dismissed.

*For affirmance*—None.

*For reversal*—PARKER, CASE, BODINE, HEHER, COLIE, OLIPHANT, WELLS, DILL, FREUND, McGEEHAN, JJ. 10.