HENRY H. KESSLER, RELATOR-APPELLANT, v. HOMER C. ZINK, COMMISSIONER, DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.

Argued October 23, 1947—Decided January 29, 1948.

For the appellant, *Kristeller & Zucker* (*Saul J. Zucker* and *Charles Silber*).

For the respondent, *Walter D. Van Riper*, Attorney-General.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. This is an appeal from a judgment in the Supreme Court sustaining respondent's demurrer to an alternative writ of *mandamus* which sought to compel the payment of pension benefits under *R. S.* 43:4–2, *et seq.* We find no opinion of the Supreme Court, but the briefs make clear that the demurrer was sustained for the reason that the relator below—appellant here—was not shown to have attained the age of sixty-two years.

On November 1st, 1920, appellant became Director of the New Jersey Rehabilitation Clinic in the Department of Labor. He served in that capacity continuously until November 1st, 1941, at which time he was retired. At the time of his retirement he was a veteran of the first world war. Thereafter he served in the second world war for a period terminating with his honorable discharge on or about April 16th, 1946.

The pertinent sections of the statute, as printed in the 1937 Revision, are as follows:

43:4–1. "This chapter shall apply to and include persons serving in and honorably discharged from the military or

naval service of any war of the United States, including all Indian wars, campaigns, insurrections or uprisings, and any military or naval service of the ·United States, in connection with the American punitive expedition or other intervention campaign or trouble with the republic of Mexico during the administration of president Woodrow Wilson, provided such designated persons shall have attained the age of sixty-two years or become incapacitated for the duties of their office or position."

43:4–2. "When an honorably discharged soldier, sailor or marine has or shall have been for twenty years continuously or in the aggregate in public office or position in this state or in the service of a county or municipality thereof, the body, board or officer having power to appoint his successor in case of vacancy may, with his assent, order his retirement from such service, or he shall be retired on his own request."

43:4–3. "A person so retired shall be entitled, for and during his natural life, to receive by way of pension, one-half of the compensation then being received by him for his service, * * * *."

Thus, section 1 designates those to whom the statute applies, viz., veterans of the several wars, &c., who have attained the age of sixty-two years; section 2 provides that a veteran so designated may retire or be retired from the service of the state, or of a county or a municipality, after twenty years' employment; and section 3 provides that a person so retired is entitled to a pension. The article is an integrated enactment, the parts of which are to be considered together, not separately.

Appellant would isolate the second section; he contends that he is entitled thereunder and that because age is not mentioned therein, age is not a factor. Clearly, not only must the first and second sections be read together, but the two must be read with the third section in order to make sense.

The question was decided adversely to appellant's contention by the Supreme Court in *Kelly* v. *Kearins*, 132 *N. J. L.* 308. There is little to be added to that scholarly discussion except to study the history of the statutory provisions. The legislation antecedent to the second section was prior in point

of chronology; it was enacted as chapter 84, *Pamph. L.* 1912, and was carried forward into the 1924 Cumulative Supplement to Compiled Statutes as section 155–10. The portion of the 1912 statute pertinent to this discussion was as follows:

"Whenever any honorably discharged Union soldier, sailor or marine who served in the War of the Rebellion has or shall have been for twenty years continuously or in the aggregate in public office or position in this State, county, city, township or municipal service, it shall be lawful, with his assent, for the body, board or officer having power to appoint his successor in case of vacancy to order his retirement from such service, or he shall be retired upon his own request; * * *."

It will be observed until the 1937 Revision the application of this legislation was limited to soldiers, sailors and marines who served in the War of the Rebellion. As the 1912 legislation was enacted forty-seven years after the close of the Civil War the limitation of the applicability of the statute to persons sixty-two years of age, while not in the words of the enactment, may be said to have been implicit because a person who was fifteen years old at the end of the Civil War—and one would scarcely have emerged as a veteran of that conflict at a younger age—would have been approximately sixty-two years of age at the time of the enactment of the statute and correspondingly older each succeeding year.

*R. S.* 43 :4–1 is the outgrowth of legislation passed as section 1, chapter 249, *Pamph. L.* 1919. The last named statute was as follows:

"From and after the enactment of this act the provisions of any and all laws now in force concerning the retirement on pension after twenty years' continuous or aggregate service in public office or position of honorably discharged Union soldiers, sailors and marines shall be construed to apply to and include persons serving in and honorably discharged from the military or naval service of any war of the United States; provided, such persons shall have attained the age of sixty-two years, or shall have become incapacitated for the duties of their office or position."

So far as the present discussion is concerned, the effect of that statute is obvious. It extended the application of the

1912 statute, which already required twenty years' service but which theretofore applied only to veterans of the War of the Rebellion, so that it applied to and included many other classes of veterans of the military or naval service of the United States provided such persons should have attained the age of sixty-two years and had been in the state employ for twenty years. The relationship of the 1919 statute to the statute of 1912 was more than merely that of a cognate statute. It was not only related but it was related so closely that it took rank beside it and became *pari passu*. It was truly, as said in *Kelly* v. *Kearins, supra, "pari materia,"* the one statute being explanatory of the other and in position to be construed therewith. The 1919 statute was amended by chapter 224, *Pamph. L.* 1924, to apply to an expanded classification of veterans but still retained the conditions that a veteran, to become entitled, must be sixty-two years of age and have been in service for twenty years. As thus amended, the statute was printed in the 1924 Cumulative Supplement as section 155–13 immediately following sections 155–10 to 12, inclusive, which were the 1912 legislation, *supra.* The compilers of the 1937 Revision systematized the provisions into a statutory unit and adopted the present format. By parity of reasoning, if appellant were sound in claiming, under the second section, a right to pension regardless of age, then another who had attained the age of sixty-two years but had been only, let us say, a month in state service would nevertheless be entitled to a pension from the state because the first section contains no reference to length of service—a proposition so startling as to place a heavy burden of argument upon one who would claim on that assertion.

Even if this were not so palpably true, the presumption against a legislative intention to effect a change of substance by a revision of the general laws would lead to the same result. That presumption is not necessarily overcome by mere change of phraseology or the addition or omission of words in the Revision; intention to alter the essence must be expressed in language admitting of no reasonable doubt of the purpose. *Crater* v. *County of Somerset,* 123 *N. J. L.* 407, 414. Later legislative enactments, chapter 87, *Pamph. L.*

1943, chapters 191 and 211, *Pamph. L.* 1944, *ch.* 279, *Pamph. L.* 1947, serve to widen the field in the character of service to which a pensioner may be attached but do not, in our opinion, modify the conditions as to length of service and age discussed above.

The judgment below will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, COLIE, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.