KNOW THE FACTS, INC., A DELAWARE CORPORATION, PLAINTIFF, v. ALLAN A. RYAN AND FREDERICK J. HAMMES, EXECUTORS OF THE LAST WILL OF CLENDENIN RYAN (SUBSTITUTED AS DEFENDANTS IN LIEU OF CLENDENIN J. RYAN, DECEASED), DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 13, 1958.

454

*Mr. Max L. Rosenstein,* attorney for plaintiff.

*Messrs. DuBois and DuBois,* attorneys for defendants (*Messrs. Kissam and Halpin,* of counsel).

SULLIVAN, J. S. C. This action, in the nature of a specific performance suit, was instituted against Clendenin J. Ryan in May, 1956. It came on for trial in May, 1957, continued for a period of two weeks, and was then adjourned to October 1, 1957. The plaintiff completed the presentation of its case two days prior to adjournment and the defendant then commenced his defense and presented the testimony of several witnesses. The defendant Ryan was not called as a witness prior to the adjournment. On September

12, 1957, and before the trial could be resumed, the defendant Ryan died by his own hand. His executors have since been substituted as parties defendant herein.

These defendant-executors have now moved to strike from the record all of the testimony of Oliver M. Presbrey, Martha R. Presbrey and William G. Downey, Jr., for the reason that the subject matter of this suit is now a transaction with a decedent, and these witnesses are parties in interest to such transaction. Defendants assert that Ryan's death during the pendency of the trial now renders the testimony of these witnesses incompetent even though Ryan was alive when they testified at the trial and they were cross-examined by Ryan's attorney. The basis for the motion is *N. J. S.* 2A:81–2, commonly known as the "Dead Man's Act."

A more widely criticized law would be difficult to find. 2 *Wigmore on Evidence* (3d ed. 1940) § 578; *Morgan, Basic Problems of Evidence* 85 (1954); *Vanderbilt, Minimum Standards of Judicial Administration* 334 (1949); *Report of the Committee on the Revision of the Law of Evidence to the Supreme Court of New Jersey* (May 25, 1955). The law is illogical, arbitrary and unjust. Its repeal in this State has been repeatedly urged. See, *Report of the Committee on the Revision of the Law of Evidence to the Supreme Court of New Jersey, supra,* at *p.* 11. See, also, *Report of the Commission to Study the Improvement of the Law of Evidence to the Senate and General Assembly of the State of New Jersey* (November, 1956).

This statute, therefore, should not be liberally construed, and on the contrary, is to be strictly applied. Its pertinent provisions are as follows:

"2A:81–2. Transactions with lunatic or decedent.

When one party to any civil action is a lunatic suing or defending by guardian or when one party sues or is sued in a representative capacity, no other party thereto may testify as to any transaction with or statement by the lunatic while of sound mind or with or by the decedent * * *."

Clearly, according to its terms, the statute is to be applied at the time the testimony is offered. The bar,

under the statute, is against testifying. There is nothing therein providing for the retroactive application of the statute by striking out testimony which was competent when given. The defendants' contention reads into the statute language and meaning that is just not there. The competency of the witness at the time he or she is sworn and testifies is the test to be applied under *N. J. S. 2A:81–2*. *Marlatt v. Warwick and Smith*, 18 *N. J. Eq.* 108 (*Ch.* 1866), affirmed 19 *N. J. Eq.* 439 (*E. & A.* 1867); *Burke v. Horth*, 293 *F.* 408 (*D. C. Wyo.* 1923).

At the trial of this suit it appeared from the testimony that Oliver M. Presbrey, Martha R. Presbrey and William G. Downey, Jr., although not parties to the action, were officers, directors, creditors and majority stockholders of plaintiff corporation. When the motion to strike their testimony was made, plaintiff's attorney "conceded" that each of these witnesses was a "party" within the meaning of *N. J. S. 2A:81–2*, if it otherwise applied.

This court is not bound by any concession of counsel as to the interpretation of a statute. On the question of whether in fact *N. J. S. 2A:81–2* applies, it has been consistently held in this State that, absent a deliberate attempt to circumvent the statute, *supra,* the disqualification thereunder only applies to parties to the action and to no one else. *Kapalczynski v. Sitniski*, 91 *N. J. Eq.* 524 (*E. & A.* 1920); *Johnson v. Hoffman*, 7 *N. J.* 123 (1951). In particular, in suits involving this statute, it has been uniformly determined that where a corporation is a party, the disqualification against testifying does not extend to the officers and directors of the corporation. *New Jersey Trust & Safe Deposit Co. v. Camden Safe Deposit & Trust Co.*, 58 *N. J. L.* 196 (*E. & A.* 1895); *McArdle Real Estate Co., Inc. c. McGowan*, 12 *N. J. Misc.* 500 (*Sup. Ct.* 1934); *Cook v. D. Fullerton & Co.*, 121 *N. J. L.* 153 (*E. & A.* 1938). *A fortiori*, stockholders or creditors of a corporate party are not barred from testifying.

For the reasons given, the motion of defendants will be denied.