125 N.J. Super. 471 (1973)
311 A.2d 749
WILLIAM F. LIBBY, ET AL., PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
UNION COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1973.
Decided November 15, 1973.
*472 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Ralph V. Mancini, County Counsel, attorney for appellant-cross-respondent (Mr. Edward J. Toy, Assistant County Counsel, on the brief).
Messrs. Sauer, Boyle, Dwyer & Canellis, attorneys for respondents-cross-appellants (Mr. George W. Canellis, on the brief).
PER CURIAM.
Plaintiffs, county employees, sued defendant Union County Board of Freeholders to recover longevity pay. They premise their action on defendant's resolution dated April 13, 1967, establishing a program of longevity pay retroactive to January 1, 1967.
Plaintiffs, all former employees of various municipal police departments in the County of Union, are now employed in the county prosecutor's office, sheriff's office, or as county clerks. They contend their prior municipal employment should be used in computing their eligibility for longevity pay, citing as authority N.J.S.A. 40:11-5 (now N.J.S.A. 40A:9-5).
On cross-motions for summary judgment the trial judge held plaintiffs were entitled to longevity pay for the years 1971 and 1972, the years after suit was filed (the complaint having been filed March 2, 1971), but denied longevity pay *473 to plaintiffs for the period January 1, 1967 to January 1, 1971. This denial was based upon a belief there would be budgetary problems on the part of defendant and the conclusion that plaintiffs were guilty of laches and, by delay, had waived their right to be paid for prior years. Both parties have appealed.
N.J.S.A. 40A:9-5 provides as follows:
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
Defendant contends this statute applies only where a municipal employee involuntarily goes from municipal employment to county employment, and further argues that the statute does not apply where a municipal employee voluntarily terminates his employment and immediately thereafter enters county employment.
Municipal governments and county governments are separate entities and an involuntary transfer from one to the other would be a rarity. The only application which the county suggests is the possible creation of a regional police force into which municipal police might be incorporated.
It is conceded by the parties that there is no law now in effect which would require a municipal employee to submit to an involuntary transfer to county employment or require a county employee to submit to an involuntary transfer to municipal employment. Any such transfer must be voluntary on the part of the employee.
To accept the argument of defendant that this statute only applies in the event of an involuntary transfer, we would have to assume the statute is predominately useless legislation *474  in effect a nullity. When considering a statute, interpretations which lead to absurd or unreasonable results are to be avoided. State v. Gill, 47 N.J. 441 (1966). All rules of construction are subordinate to this obvious proposition. Marranca v. Harbo, 41 N.J. 569 (1964); State v. Provenzano, 34 N.J. 318 (1961).
We accordingly hold that when a municipal employee leaves his employment and is immediately thereafter appointed to a position in county government, such appointment is within the intent and meaning of N.J.S.A. 40A:9-5 and entitles such employee to compute longevity in accordance with the provisions thereof. The judgment of the trial judge, insofar as it awarded longevity pay for the years 1971 and 1972, is affirmed. The trial judge denied longevity pay to plaintiffs for prior years, holding they were guilty of laches and waiver. The proceedings in the trial court were by means of summary judgment. We find nothing in the record to justify this factual conclusion and reverse and remand for a plenary hearing on that issue. Judson v. Peoples Bank & Trust Co., 17 N.J. 67 (1954).