127 N.J. Super. 451 (1974)
317 A.2d 755
JEAN FIVEHOUSE, PLAINTIFF-APPELLANT,
v.
PASSAIC VALLEY WATER COMMISSION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1973.
Submitted for Determination March 25, 1974.
Decided April 2, 1974.
*453 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Jack Ballan argued the cause for appellant.
Mr. Jerome C. Eisenberg argued the cause for respondent (Messrs. Clapp & Eisenberg, attorneys; Mr. Stephen H. Roth on the brief).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Plaintiff instituted this action against defendant Passaic Valley Water Commission contending that it had violated her rights by refusing to grant her longevity pay computed on the basis of her prior municipal employment with the City of Paterson and with the Paterson Housing Authority in accordance with the provisions of N.J.S.A. 40A:9-5 (formerly N.J.S.A. 40:11-5).
*454 Plaintiff was employed by the City of Paterson from 1941 to 1952, and thereafter by the Paterson Housing Authority from 1952 until 1959. In 1959 plaintiff passed a Civil Service examination and was certified by the New Jersey Department of Civil Service to be eligible for a position with defendant, and thereafter was appointed by defendant and commenced employment on September 9, 1959.
Defendant inaugurated a longevity pay program which became effective in 1970. In fixing plaintiff's longevity pay, defendant only included her years of employment with it. It did not include the prior years with the City of Paterson and the Paterson Housing Authority. If plaintiff's seniority rights commenced as of September 15, 1959, as defendant contends, she is entitled only to the 3% longevity rate which she already receives. If her seniority rights should be considered to commence in 1941, when she was first employed by the City of Paterson, as she contends, plaintiff would be entitled to a 4% longevity rate as of January 1, 1970 and to a 6% longevity rate as of July 1, 1971. The court below held that longevity should be determined from the time plaintiff entered defendant's employ, and not computed on the basis of her prior municipal employment with the City of Paterson and Paterson Housing Authority. In reaching this result the court reasoned that N.J.S.A. 40A:9-5 was designed to protect employees who are involuntarily transferred rather than those who, like plaintiff, voluntarily leave their employment with one department or position of municipal or county government and obtain employment in another department or position of government. Plaintiff appeals, contending that the trial court erred in construing the act to apply solely to involuntary transfers.
N.J.S.A. 40A:9-5 provides as follows:
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county *455 employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
Recently our court in Libby v. Union Cty. Bd. Freeholders, 125 N.J. Super. 471 (App. Div. 1973), rejected the argument that N.J.S.A. 40:11-5 (now N.J.S.A. 40A:9-5) applies only in the event of an involuntary transfer and held that when a municipal employee leaves his employment and is immediately thereafter appointed to a position in county government such appointment is within the intent and meaning of N.J.S.A. 40A:9-5. Consequently the similar argument advanced by defendant and relied upon by the court below does not provide a proper basis for failing to include prior municipal service in computing longevity in this case. However, we are of the view that the result reached by the court below was correct and said judgment should be affirmed, but on another ground.
Defendant is a public agency created pursuant to N.J.S.A. 40:62-108 et seq., and consists of several municipalities, including the City of Paterson. Pursuant to the provisions of N.J.S.A. 40:62-150.1 the names of all of the employees of defendant are certified to the Civil Service Commission, and by virtue of N.J.S.A. 40:62-150.2 employees of defendant certified to the Civil Service Commission are subject to all of the provisions of Revised Statutes, Title 11, Subtitle 3 with respect to tenure, classification and compensation. The statute obviously does not subject the employees of defendant by its express language or spirit to the provisions of N.J.S.A. 40A:9-6. This latter statute which is here involved is part of Title 40, not Title 11.
Seniority rights do not exist at common law. 51 C.J.S. Labor Relations § 14 at 587 (1967); Markham v. American Motors Corp., 22 Wis.2d 680, 126 N.W.2d 753, 758 (Sup. Ct. 1964). An employee has no inherent right to *456 seniority in service, and can have only such rights as may be based on a contract or on a statute. Palizzotto v. Local 641, 67 N.J. Super. 145, 152 (Ch. Div. 1961), aff'd 36 N.J. 294 (1962); Walker v. Pennsylvania-Reading S.S. Lines, 142 N.J. Eq. 588, 600 (Ch. 1948).
It is a well settled rule of statutory construction that a statute in derogation of common law is ordinarily strictly construed. Dacunzo v. Edgye, 19 N.J. 443, 451 (1955); Foy v. Dayko, 82 N.J. Super. 8, 12 (App. Div. 1964). Statutes are to be construed with reference to the common law, and a statute which is claimed to impose a duty or to establish a right which was not recognized by the common law will be strictly interpreted to avoid such change. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 265 (1949). To effectuate a change in the common law, the legislative intent to do so must be clearly and plainly expressed. DeFazio v. Haven S. & L. Ass'n, 22 N.J. 511, 519 (1956).
Applying the rule of strict statutory construction which we deem to be appropriate in this case because the statute changes the common law concerning seniority, it is our view that plaintiff was not an employee of a municipal or county government protected by the provisions of N.J.S.A. 40A:9-5. Employment by defendant does not constitute employment by a department or position in municipal or county government so as to bring plaintiff within the purview and meaning of N.J.S.A. 40A:9-5. The benefits conferred by this act are extended solely to municipal employees who are transferred to positions in municipal or county government and to county employees who are transferred to positions in county or municipal government. The application of the act (N.J.S.A. 40A:9-5) must be limited to what the Legislature intended by the express language of the statute. We cannot rewrite or interpret the statute to apply to transfers to any departments or positions in other government or public employment.
Our former Court of Errors and Appeals, in Brickett v. Lagay, 134 N.J.L. 1, 3 (E. & A. 1946), held in a somewhat *457 analogous situation that the Passaic Valley Sewerage Commission, a public agency created by N.J.S.A. 58:14-1 et seq., was not a part of the government of New Jersey or a municipal body within the intendment of N.J.S.A. 38:16-1, which provided tenure to honorably discharged veterans holding employment in the government of the State, county or municipality. The court's reasoning, which is persuasive and applies with equal force to this case, was as follows:
The legislature, by R.S. 38:16-1, supra, clearly intended to limit the provisions of the statute to persons holding "employment, office or position" within certain limited fields of governmental activity, as expressly stated in the statute. The provisions of R.S. 38:16-1, supra, must be limited in their application to what is specifically in-intended by the legislature which enacted the statute. We cannot enlarge or write in that which the legislature has not seen fit to include.
It seems clear that the legislature, for what it considered good and sufficient reasons, did not intend to protect any of appellants' employees against removal; certainly we must assume so in the absence of a definite expression to the contrary. In the absence of such expression, it is to be assumed that the provisions authorizing the removal of employees at the pleasure of the appellants prevail in all cases. If the veterans' tenure provisions of R.S. 38:16-1, supra, were to be all embracive, why the restrictive clauses? The employees of all municipalities are employees under the government of the state and receive their compensation from the state, in the broad sense adopted by the Supreme Court. If the phrase "under the government of this state" is subject to this broad interpretation, why the restrictive provision for counties and municipalities, for the latter are also arms and agencies of the state for the purposes of local government.
We note that while counsel for the parties may have stipulated that "defendant is a public corporation which is subject to the seniority benefit provisions of N.J.S.A. 40:11-5, where applicable," we are not bound by any such stipulation or concession relating to the interpretation of this statute. Tibbs v. Boemi, 109 N.J. Super. 200, 204 (App. Div. 1970), aff'd per curiam 55 N.J. 531 (1970); Schulz v. State Board of Education, 132 N.J.L. 345, 349 (E. & A. *458 1944); Know The Facts, Inc. v. Ryan, 48 N.J. Super. 453, 456 (Ch. Div. 1958).
For the reasons set forth above, the judgment below is affirmed.