135 N.J. Super. 66 (1975)
342 A.2d 583
LLOYD E. CALDWELL, PLAINTIFF,
v.
TOWNSHIP OF ROCHELLE PARK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 2, 1975.
*69 Mr. William M. Messineo for plaintiff (Messrs. Messineo & Messineo, attorneys).
Mr. Elmer J. Skiba for defendant (Messrs. Skiba & Atkins, attorneys).
PETRELLA, J.C.C., Temporarily Assigned.
This matter is before the court on cross-motions for summary judgment. Both parties agree that the controversy is ripe for summary judgment on the legal issue.
It is undisputed that plaintiff was employed as a patrolman by the Borough of Ramsey from June 1, 1964 to April 30, 1967, when plaintiff voluntarily transferred from the Police Department of Ramsey to that of defendant Township of Rochelle Park. A March 20, 1967 township committee resolution appointed plaintiff a patrolman "effective May 1, 1967 at a salary as provided in the Salary Ordinance for a patrolman having two years prior experience." The appointment was conditioned on an initial one-year probationary period and was expressly subject to the terms and conditions of the salary ordinance adopted March 6, 1967. In February 1975 *70 (apparently after learning in 1974 of certain recent court decisions), and relying on the 1971 enactment of N.J.S.A. 40A:9-5, plaintiff filed a complaint in lieu of prerogative writ[1] seeking additional longevity and vacation pay from the township based on his 2 years and 11 months prior experience with the Ramsey Police Department. Apparently he also seeks credit for an additional 11 months of benefits not received under his appointment resolution. Defendant denies plaintiff is entitled to additional compensation or benefits.
The parties agree that the issue before the court is the applicability of N.J.S.A. 40A:9-5 to plaintiff upon a transfer from employment in one municipality to employment in another municipality in the same county.
The Appellate Division has recently ruled on transfers from municipal to county employment under N.J.S.A. 40A:9-5, effective July 1, 1971 in L. 1971, c. 200. This statute provides as follows:

Rights of certain employees transferred to other positions.
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
If the above statute applies to Officer Caldwell then he would be entitled to credit for previous municipal employment, measured from the date of his first employment with *71 Ramsey, and a salary adjustment from either that date or the effective date of N.J.S.A. 40A:9-5, unless limited by laches or waiver. See Libby v. Union Cty. Bd. of Freeholders, 125 N.J. Super. 471, 474 (App. Div. 1973).
Defendant township contends that N.J.S.A. 40A:9-5 is inapplicable to plaintiff and that while New Jersey cases have held that a transfer described in the statute need not be involuntary, they involved employee transfers from municipal employment to positions in county government, relying upon Libby v. Union Cty. Bd. of Freeholders, supra (voluntary municipal to county employment) and an unreported decision of this court decided in Bergen County on December 6, 1974.
The municipality urges that the statute was not designed to cover individuals employed in one municipality who voluntarily resign and take employment in another municipality. Rather, it contends the statute was designed to cover employees who are involuntarily transferred from one position to another position in the same municipality by appointment, assignment or promotion, or a transfer from municipal to county employment.
Plaintiff argues that N.J.S.A. 40A:9-5 and subsequent case law entitle him to the relief sought. See also Fivehouse v. Passaic Valley Water Comm'n, 127 N.J. Super. 451 (App. Div.), certif. den. 65 N.J. 565 (1974) (transfer between municipal employment and public agency not covered). In addition, plaintiff contends that changes in the wording of N.J.S.A. 40A:9-5 from the source law, N.J.S.A. 40:11-5, as well as the wording of the current statute itself, would support a finding of legislative intent to make the statute applicable where a municipal employee voluntarily transfers to employment in another municipality as opposed to a transfer within the same municipality.
In determining whether plaintiff comes within the statutory provision, the court has examined the source law, case interpretation of the prior statute, the circumstances leading to its amendment in a legislative revision and the changes *72 made in its wording, to see if they shed light on legislative intent.
The Appellate Division, in construing N.J.S.A. 40A:9-5, did not cite or rely on the case of Carroll v. Caufield, 80 N.J. Super. 472 (Law Div. 1963), as to legislative history or interpretation. In Carroll five Newark employees who voluntarily became members of that city's fire department sought credit for past service with various other city departments from which they had voluntarily resigned after successfully passing Civil Service examinations. The court in Carroll looked to the legislative intent of N.J.S.A. 40:11-5 (in effect since at least 1931) and other applicable laws, including the Civil Service laws, to resolve conflicting policies, and said:
This case must turn, then, on the intent of the Legislature in enacting R.S. 40:11-5. It is clear that the interpretation urged by plaintiffs would cast its shadow on certain sections of the Civil Service Act. For example, R.S. 11:22-6 provides for a probationary period of three months following appointment or promotion to a new position. N.J.S.A. 11:22-34 provides that seniority be given due consideration in making promotions. Could the probationary period be held to apply to one who already has lengthy service in another Civil Service post? Should this service be counted as seniority, thus entitling a new recruit to the Fire Department, for example, who has had five years in the Police Department, to priority on the promotion list over a four-year veteran of the Fire Department? Can it be said that such a result is any more incongruous than having newly appointed firemen paid at a higher rate than firemen with three or four years of experience as is urged by plaintiffs herein? Did the Legislature intend such an effect?
Even more basically at issue is the question of whether or not the Legislature intended that R.S. 40:11-5 be applicable to those situated as plaintiffs herein, thus limiting the power of the municipality to set salary schedules by ordinance for its firemen. Defendant city claims this power under three statutes.[2] [at 475-476]
It also examined the preamble and the statement that accompanied the bill when it was introduced in the Legislature, *73 as well as the wording of the statute itself, and found that:
Each of these * * * appears to be protective in tone. The wording of each (as well as R.S. 40:11-5 itself) implies passivity in the employee. Each indicates that the act is designed to supply a measure of security for the employee who would otherwise, through forces beyond his control, be deprived of certain of his rights insofar as continuity of service as a public employee is concerned. The accompanying statement is the most clear as it cites those who "must begin as new employees thereby losing their seniority rights, which their previous service entitled them to." [at 480]
The court concluded in Carroll that since plaintiffs in that action were volunteers, they did not come under the protection of seniority rights afforded by the statute.
N.J.S.A. 40:11-5, entitled "Rights of certain employees transferred to other positions in certain counties," was repealed and replaced by N.J.S.A. 40A:9-5 as part of a revision or codification of Title 40.[3] The appendix to the bill introduced in the Legislature (Senate Bill 641 of 1970) indicates that the repealed section was the source of the present section. The changes in the wording of this specific section are few and insubstantial, and its basic design was kept intact. On March 8, 1971 Governor Cahill conditionally vetoed Senate Bill 641 embracing the statute here under consideration, returning it with his objections for reconsideration with suggested amendments. His veto message stated that:
Senate Bill No. 641 is the result of a long and arduous effort to codify existing laws relating to county and municipal officers and employees and to eliminate obsolete statutory provisions in Title 40 of the New Jersey Statutes.
There was no recommended change by the Governor in his conditional veto message to the section which was enacted subsequently as section 5 of Chapter 9 of Title 40A, "Officers and Employees." Nor had there been any amendment *74 in the legislative process or statement of the sponsor regarding that section. The general rule is that where a statute is ambiguous, messages of the Executive to the Legislature can be used to determine legislative intent, and the action of a Governor in approving or vetoing a bill is part of the legislative process. State v. Madden, 61 N.J. 377, 388 (1972); Asbury Park Bd. of Ed. v. Hoek, 38 N.J. 213, 235-236 (1962); Dept. of Health v. Sol Schnoll Dressed Poultry Co., 102 N.J. Super. 172, 176-177 (App. Div. 1968); and 2A Sutherland on Statutory Construction (4 ed. 1973), § 48.05 at 201. It is also clear that when the Legislature enacts a codification or amendment of existing laws it is presumed to do so with knowledge of prior court decisions and the judicial construction placed thereon. Brewer v. Porch, 53 N.J. 167, 174 (1969); Petrozzino v. Monroe Calculating Machine Co., Inc., 47 N.J. 577, 582 (1966); In re Keogh-Dwyer, 45 N.J. 117, 120 (1965); Bialkowski v. Ridgefield, 118 N.J. Super. 354, 358-359 (Law Div.), aff'd 120 N.J. Super. 194 (App. Div. 1972). Generally, there is a presumption against legislative intent to effect a change of substance by a revision of laws, and that presumption is not necessarily overcome by mere change of phraseology or addition or omission of words, In re Glen Rock, 25 N.J. 241, 249 (1957); Kessler v. Zink, 136 N.J.L. 479, 482 (E. & A. 1948); Hammonton v. Civil Service Comm'n, 82 N.J. Super. 64, 73 (App. Div.), certif. den. 42 N.J. 140 (1964), unless there is a clear indication of a desire by the Legislature to alter existing law. New Shrewsbury v. Block 105, Lot 11, etc., 104 N.J. Super. 360, 365 (Ch. Div. 1969), aff'd o.b., 111 N.J. Super. 550 (App. Div. 1970). It might be presumed that if no substantive change was made in N.J.S.A. 40A:9-5, that the Legislature was aware of the Carroll court's interpretation and was in agreement with the judicial construction placed thereon.[4]
*75 Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 198 (App. Div. 1975), in commenting on the case of Lathrop v. Lathrop, 57 N.J. Super. 532 (App. Div. 1959), said:
The correctness of the decision in Lathrop has never been questioned in subsequent cases. Nor has any attempt been made in the intervening years to amend the statute and thus the construction placed upon the first sentence thereof in Lathrop may be deemed to have been acquiesced in by the Legislature.
The prior statute, N.J.S.A. 40:11-5, when compared with its superceding counterpart section, bears a marked similarity. The repealed statute is set out hereinafter, with the changes worked in the section under review indicated by brackets for deletions and emphasis for additions:

40:11-5 [now repealed] Rights of certain employees transferred to other positions in certain counties.
Whenever heretofore [there has been] or hereafter a transfer has been or shall be [there may be] effected by appointment, [transfer,] assignment or promotion[,] of a municipal employee[,] to any other department or position in [the] municipal employment, or to a position or department of the county government; or [when there has been or hereafter may be effected by appointment, transfer, assignment or promotion,] of a county employee[,] to any other position or department in [the] county employment, or to a department or position of a [the] municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose, whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been [appointed,] transferred [, assigned or promoted].
Sources. L. 1931, c. 216; L. 1933, c. 154 (repealed by N.J.S.A. 40A:9-22).
Carroll had been a reported case construing N.J.S.A. 40:11-5 since 1963. Although N.J.S.A. 40A:9-5 made some changes in N.J.S.A. 40:11-5, examination of these changes shows they are largely in sentence structure and organization, with the substitution of the phrase "municipal employment" for "the municipal employ." It seems unlikely *76 that a significant change of legislative intent could be found in the change of "employ" to "employment." By common definition and usage they are interchangeable and synonymous. The deletion of the article "the" is more troublesome. Certainly its deletion could eliminate any restriction to one specific municipality.
The Appellate Division did not mention Carroll v. Caufield, supra, in either Libby or Fivehouse, supra. Thus, this court must determine (1) whether the statutory changes affect Carroll since a fortiori if the statute did not apply to intramunicipal transfers it would seem unlikely it could extend to intermunicipal transfers, or (2) whether Carroll has or has not been overruled by implication regarding the categories of intramunicipal or intermunicipal transfers. True, Carroll is a trial court opinion which binds neither this court nor the Appellate Division. See State v. Hudes, 128 N.J. Super. 589, 596 (Cty. Ct. 1974); State v. Pittman, 124 N.J. Super. 334, 337 (Law Div. 1973); Wolf v. Home Ins. Co., 100 N.J. Super. 27, 35-36 (Law Div.), aff'd 103 N.J. Super. 357 (App. Div. 1968).
It is also true that in many, if not all employments in municipalities, there may be certain common threads (even though the actual employer is a separate entity), such as pension plans, health benefits and civil service. However, the question is whether for the purposes embraced in the statute the rights of "certain employees"[5] apply to all municipalities and municipal employees (in first and second class counties).
Of course, a trial court is bound to follow the rulings of an appellate court in this State, which decisions are binding when the same issues are presented. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961); State v. Sheppard, 125 N.J. Super. 332, 335 (App. Div. 1973); Mannillo *77 v. Gorski, 100 N.J. Super. 140, 150 (Ch. Div. 1968); Rozmierski v. Newark, 42 N.J. Super. 14, 17 (Law Div. 1956).
Libby held that when a municipal employee leaves his employment and is immediately thereafter appointed to a position in county government, N.J.S.A. 40A:9-5 applies since involuntary transfers from municipal to county employment or vice versa would be a rarity and for the statute to apply only in the event of an involuntary transfer would require the court to assume that the statute was useless legislation.
Likewise here, in the case of Officer Caldwell, the court has not been directed to any statute which could compel Officer Caldwell's transfer to another municipality, except that the court can take judicial notice of N.J.S.A. 40A:14-156 and N.J.S.A. 40A:14-26 regarding certain temporary emergency duty.
In Fivehouse, supra, plaintiff's action for longevity pay based on her prior municipal employment with the City of Paterson and its Housing Authority failed, not because her transfer was voluntary, but because the Passaic Valley Water Commission (a public agency) was not a county or municipal agency within the scope of N.J.S.A. 40A:9-5. The court noted:
Employment by defendant does not constitute employment by a department or position in municipal or county government so as to bring plaintiff within the purview and meaning of N.J.S.A. 40A:9-5. The benefits conferred by this act are extended solely to municipal employees who are transferred to positions in municipal or county government and to county employees who are transferred to positions in county or municipal government. The application of the act (N.J.S.A. 40A:9-5) must be limited to what the Legislature intended by the express language of the statute. [127 N.J. Super. 456]
The reference in this quotation to benefits being conferred on municipal employees who are transferred to positions in municipal government, although an interpretation of the section, was dictum in Fivehouse.
*78 Can these later cases be reconciled with the Carroll case and the legislative intent of the source statute which, according to its introductory statement, "merely establishes a seniority right which has heretofore been denied"?
The Libby holding did not deal with every voluntary transfer. Because there was no law which would require a municipal employee to submit to an involuntary transfer to county government or vice versa, it was held that the transfer in that situation of necessity would have to be voluntary. Similarly, the court in Fivehouse acknowledges the Libby decision in concluding the trial court erred in construing the act to apply only to involuntary transfers, while affirming on the other ground stated above. However, these decisions reflect a basic change in interpretation and the philosophy of the Carroll case, with an expansion in construction of the applicability of the statute to not only involuntary but also voluntary transfers. Carroll appears to have been silently overruled or disapproved insofar as it declined to apply the statute to voluntary municipal transfers. In addition, the change in the wording in the statute referring to municipal employees from "position in the municipal employ" to "position in municipal employment" by deletion of the limiting article, while not indicating a clear legislative intent to confer the benefits of the statute upon municipal employees who transfer to another municipality, certainly removes a potential barrier to it. Thus, even if the 1971 changes to Chapter 9 of Title 40A represented a revision or codification of previous statutes, and there was no substantive change in the wording or amendment from the source law, N.J.S.A. 40:11-5, the changes leave no rational basis for limiting Libby and Fivehouse to transfers between municipalities and counties of the first and second class.
N.J.S.A. 40A:9-5 does apply to "a transfer * * * by appointment * * * of municipal employee to any other department or position in municipal employment" and "the period of such prior service in said * * * municipal employment, *79 for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred." The deletion of the article "the" allows the statute to clearly apply to intermunicipal transfers. It is clear that N.J.S.A. 40A:9-5 now applies to plaintiff, and thus, regardless of the purpose of the transfer, the computation of prior service is mandatory. However, the court must still determine from what date the statute applies to this plaintiff.
Carroll, even though a trial court decision, was unchallenged and unmodified by amendment to the statute between 1963 and July 1, 1971, and was the law regarding the interpretation of N.J.S.A. 40:11-5 until its repeal. From that date on plaintiff came under the mandatory provisions of N.J.S.A. 40A:9-5 which applied to his transfer from one municipal employment to such employment in another municipality in the same county by virtue of the statutory language change and to his past service by use of the phrase "heretofore or hereafter". Prior to that date the applicable law was as stated in the Carroll decision, which apparently had been acquiesced in by the Legislature.
Plaintiff cannot be considered to be guilty of laches or waiver as regards longevity or salary in view of the change in the statute and the fact that the decision in Libby was not generally available to the public until after it was decided on November 15, 1973 and subsequently approved for publication. Compare Libby, supra (125 N.J. Super. at 474).
Although computation of prior service is mandated by the the statute, which uses the phrase "whenever heretofore or hereafter," there is nothing therein that specifies how far prior to application therefor compensation may be recovered by an employee claiming entitlement to application of its coverage, or whether, for periods prior to the effective date of N.J.S.A. 40A:9-5, any back payments are to be made, as opposed to taking such time into account for computation of present status.
*80 In other words, did the Legislature contemplate that actual reimbursements for such credit should be given retroactively? If this were required, serious fiscal problems and confusion might result in view of the requirements of municipal budget laws. It is doubtful the Legislature intended such a result since it was not until 1973 that the Appellate Division in Libby determined that N.J.S.A. 40A:9-5 applies to voluntary as well as involuntary transfer. And, it was not until the deletion of the article "the" (as discussed above), that, so far as this court can determine, the conclusion can clearly be made that it is not limited to intramunicipal transfers. Thus, the statute by its silence lends itself to a distinction between use of prior service for computation of "the period of such prior service * * * for any purpose whatsoever" and reimbursement solely for compensation and benefits prior to its effective date. The court would require a clear expression of legislative intent before concluding that complete retroactivity of pay was required.
All of plaintiff's prior service determines present and future compensation and benefits, and indeed, under the undisputed facts in this case such compensation and benefits would be payable from the effective date of N.J.S.A. 40A:9-5. Retroactive pay would not precede that date. Plaintiff concedes that he bargained for the salary of a person with two years' prior service. He was granted that status in the township's 1967 resolution of appointment and accepted it, both parties relying on the then status of the law.
Thus, a reasonable application of the statute here would appear to make retroactivity to the effective date somewhat discretionary, depending on the facts and circumstances, taking into account any factual defenses that may exist, such as waiver and laches.
Accordingly, plaintiff would be entitled to credit for his entire period of employment with the Ramsey Police Department, and to reimbursement for additional compensation *81 (including benefits) from and after July 1, 1971, by virtue of N.J.S.A. 40A:9-5.
Plaintiff's motion for summary judgment is granted and defendant's cross-motion is denied in accordance with the foregoing, both without costs.
NOTES
[1] There were questions raised by defendant regarding the propriety of a prerogative writ action and noncompliance with R. 4:69-6. The court allowed enlargement of time under subsection (c) of the rule and decided to consider the merits of the case.
[2] The other three statutes were: R.S. 40:48-1 and N.J.S.A. 40:69A-29 (both still in effect); and N.J.S.A. 40:46-23 (now N.J.S.A. 40A:9-165).
[3] Compare N.J.S.A. 40A:1-2.
[4] Compare N.J.S.A. 40A:1-5 which provides: "Construction with prior law. The provisions of Title 40A not inconsistent with those of prior laws shall be construed as a continuation of such laws."
[5] So referred to in the section heading  which is not part of the law but which may aid in interpretation. State v. Greene, 33 N.J. Super. 497, 500 (App. Div. 1955). See also, N.J.S.A. 40A:1-7.