UNITED ADVERTISING CORPORATION, PLAINTIFF-AP-
PELLANT, v. BOROUGH OF METUCHEN AND IRVING
T. WOERNER, BUILDING AND ZONING INSPECTOR,
DEFENDANTS-RESPONDENTS.

Argued May 23, 1961—Decided June 30, 1961.

*Mr. Martin J. Loftus* argued the cause for plaintiff-appellant.

*Mr. Sam Weiss* argued the cause for defendants-respondents (*Mr. Leon Semer,* attorney; *Mr. Sam Weiss,* on the brief).

PER CURIAM. Plaintiff is engaged in the business of erecting, maintaining and leasing outdoor advertising signs. On or about January 25, 1960, it applied to the building inspector of Metuchen for permits to erect two billboards. Both of these were to be located on lands owned by the Pennsylvania Railroad and leased to plaintiff. The site of one of the signs was within the B–1 (business) district, and of the second, within the M–1 (manufacturing) district, as established by the Metuchen zoning ordinance. The applications were denied for the reason that said ordinance prohibited the erection of any signs in the entire borough except to advertise businesses conducted, services rendered or products offered for sale on the premises upon which said signs were intended to be erected. Plaintiff filed an action in lieu of prerogative writs seeking to have these sections of the zoning ordinance so restricting the erection of billboards declared invalid and unconstitutional and to require the issuance of the permits to it. Defendants filed an answer admitting all of the allegations of the complaint except those contained in paragraphs 7 and 8, which read:

"7. The refusal to issue the permit was arbitrary, unreasonable and discriminatory.

8. Article VII, Section 1 (g) and those phrases of Article IX, Section 1, which prohibit billboards in those districts except to

advertise the business conducted on the premises, services rendered on the premises, and/or products offered for sale on the premises are invalid and unconstitutional; violate the equal protection clause of the Federal Constitution; constitute an unreasonable, arbitrary and discriminatory exercise of the police power; bear no reasonable relation to the police power under the Municipal Home Rule Act; are not authorized by the police power or any valid law of the State of New Jersey."

Defendants thereafter moved for a summary judgment without affidavits. Plaintiff filed an affidavit setting forth facts allegedly supporting its contention that the ordinance was arbitrary and unreasonable generally in the two zoning districts involved and specifically insofar as it prevented the erection of signs at the locations intended. Plaintiff's position as disclosed by the pleadings and amplified by said affidavit is that the subject ordinance "as applied to the locations involved and under the facts and circumstances is unreasonable and that such an ordinance as applied to the districts involved is not a reasonable exercise of the police power in the interests of the health, safety, morals and welfare of the community of Metuchen." The trial court relying principally upon *United Advertising Corp. v. Borough of Raritan,* 11 *N. J.* 144 (1952) granted defendants' motion. Plaintiff appealed to the Appellate Division and this court certified on its own motion prior to hearing there.

*R. R.* 4:58–3, concerning summary judgments, reads:

"* * * The judgment or order shall be rendered forthwith if the pleadings, depositions and admissions on file together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

■■ Although it must be recognized that the summary judgment procedure has a needful place in our judicial system as a protection "against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower

and facilities to cases which meritoriously command attention," *Robbins v. Jersey City,* 23 N. J. 229 (1957), sight should never be lost of the fact that such procedure is no substitute for a full plenary trial. *Battle v. General Cellulose Co.,* 23 N. J. 538 (1957). Only where it is palpably disclosed that there is no genuine issue of fact and the movant is entitled to a judgment as a matter of law should the motion be granted, R. R. 4:58. It is the movant's burden to exclude any reasonable doubt as to the existence of a genuine issue of material fact. All inferences of doubt are drawn in favor of the opponent of the motion. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 N. J. 67 (1954) ; *Frank Rizzo, Inc. v. Alatsas,* 27 N. J. 400 (1958).

█ There can be no doubt that *United Advertising Corp. v. Borough of Raritan, supra,* established the power of a municipality to regulate billboard advertising through the medium of a zoning ordinance. Plaintiff does not seek to attack that general conclusion. What it does seek is to prove that under the particular facts and circumstances existing in the business and manufacturing districts of Metuchen, the manner and method in which its signs are to be erected and maintained and the resulting benefits redounding to the community at large, the specific prohibitory features of the ordinance here challenged constitute an improper exercise of police power and are arbitrary and unreasonable. So viewed, we cannot say that the pleadings and affidavit palpably disclosed that there is no challenge of any material issue of fact and that defendants were entitled to a judgment as a matter of law.

Reversed and remanded for further proceedings consistent with this opinion.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For affirmance*—None.