115 N.J. Super. 439 (1971)
280 A.2d 201
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STANLEY ROYAL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1970.
Remanded February 4, 1971.
Supplemental material filed February 22, April 4, June 11 and June 16, 1971.
Decided July 12, 1971.
*440 Before Judges LEWIS, MATTHEWS and MINTZ.
Ms. Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. David S. Baime, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. William F. Bolan, Jr., on the brief).
PER CURIAM.
Defendant was convicted of possessing heroin, in violation of N.J.S.A. 24:18-4. He was sentenced to State Prison, Trenton, for a term of three to five years and fined $25. The arguments advanced on appeal are that the trial court erred in denying his motion to suppress evidence seized by the police and in denying his motion for judgment of acquittal at the close of the State's case. After hearing argument, we remanded the matter to the Essex County Court at the request of the State for the taking of additional testimony with respect to the information in the possession of the police at the time they went to the premises in question and thereafter arrested defendant. Additional testimony was taken and supplemental briefs filed.
The facts surrounding the arrest of defendant are as follows: Sergeant Bimbo of the Narcotics Squad of the Newark *441 Police testified that he was on duty on the date in question and that he received an anonymous telephone call informing him that narcotics were being used at premises known as 51 Howard Street, Newark. Since there were no members of the narcotics squad immediately available, the sergeant transmitted the contents of the anonymous call to the regular patrol car dispatcher who directed two cars to the address to investigate. When the two cars arrived at the premises, two officers went to the front of the house and two to the side to observe the rear exit and alley. One of the officers knocked on the front door of No. 51 and, in response to a question, informed the occupant that it was the police. When the front door was opened by an individual named Christian, two or three individuals ran out of the back of the house and fled over a fence in the rear yard. Defendant, who was partially clad, ran through the front hallway and upstairs. One of the patrolmen observing defendant chased him up the stairs into a bedroom, and the officer discovered glassine bags of heroin which defendant was apparently trying to destroy. Defendant was arrested and subsequently indicted.
Defendant argues that the searching and arresting officers lacked probable cause at the time they knocked on the door of No. 51 Howard Street, and subsequent evidence, he maintains, did not add to the knowledge that the officers had with respect to criminal activity and, therefore, the evidence seized should have been suppressed. We disagree.
The facts adduced here disclose that the police responded to an address based upon an anonymous complaint. We believe they were under an obligation to investigate the complaint despite the fact that the knowledge they possessed was not sufficient to give them probable cause to believe that criminal activity was being carried on at the premises in question. When the officers sought to speak to someone at the premises, ostensibly to inform the occupants of the nature of the complaint made, the reaction of the occupants of the house was sufficient, in our judgment, to give the police probable cause to believe that illicit activity was taking *442 place in the house. The events precipitated by the officers' approach to the house and their knock on the front door is not like that precipitated by the federal narcotics agents in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Here, the occupant who answered the front door was aware that police officers were on his doorstep. The obvious inference to be drawn is that defendant also knew that police officers were standing in the doorway. Defendant's flight from the officers' presence, as well as the wholesale flight of others from the premises, was sufficient to have the officers believe that defendant was engaged in illegal activity. They were justified in following him. In following him, the officers were led directly to the contraband. The motion to suppress was properly denied.
Our review of the record satisfied us that there was more than ample evidence shown from which the jury could conclude beyond a reasonable doubt that defendant was in possession of the heroin. The trial court did not err in denying defendant's motion for acquittal.
The judgment of conviction is affirmed.