177 N.J. Super. 182 (1981)
425 A.2d 1089
BYRON M. BAER AND ANNE S. BAER, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
MICHAEL SORBELLO, FRED SORBELLO, ROSARIO SORBELLO, INDIVIDUALLY AND ROSARIO SORBELLO & SONS, A PARTNERSHIP AND MARCOS PORTOLATIN, DEFENDANTS-APPELLANTS. ALEX MORRISEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL SORBELLO, FRED SORBELLO, ROSARIO SORBELLO, INDIVIDUALLY AND ROSARIO SORBELLO & SONS, A PARTNERSHIP AND MARCOS PORTOLATIN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1981.
Decided January 26, 1981.
*183 Before Judges SEIDMAN, ANTELL and LANE.
Ronald F. Esposito argued the cause for appellants.
Alan Silber argued the cause for respondents (Alan Silber and Brown & Brown, attorneys; H. Richard Chattman, on the brief).
Jeffrey E. Fogel submitted brief for amicus curiae American Civil Liberties Union of New Jersey.
The opinion of the court was delivered by ANTELL, J.A.D.
Plaintiffs brought this action to recover damages for malicious prosecution and for personal injury resulting from an alleged assault and battery sustained on lands owned and operated by defendants. Defendants denied liability and counterclaimed for trespass. The relevant facts were found by the trial judge in his letter opinion of May 3, 1978 in the following language:

*184 Plaintiff, Byron Baer, is a N.J. State Assemblyman, involved in legislative activities concerning migrant farmworkers. On July 16, 1974, he visited the defendants' farm in the company of Alex Morrissey, Executive Director of the Farm Workers Union, an organization devoted to assisting farmworkers with social, economic and educational problems. Three other persons accompanied the plaintiff and Morrissey. Upon arrival, they were met by defendant Fred Sorbello at the roadside. Defendants admit in their brief that the plaintiff identified himself as a State Legislator, and stated he was going to inspect the farm. When defendant saw these people arriving he immediately summoned the police as there had been an unpleasant incident a few months earlier. The plaintiff and Morrissey, nevertheless, proceeded up the driveway where they were met by a large group of farmworkers carrying pipes, boards and sticks. An altercation ensued in which plaintiff was injured. This suit is brought by plaintiff for damages resulting from his injuries.
The trial judge granted plaintiffs' motions for summary judgment on defendants' counterclaim and amended counterclaim. After the jury trial which followed judgments were entered in favor of defendants and against plaintiffs on the cause of action for assault and battery, and on the cause of action for malicious prosecution a money judgment was entered in favor of plaintiffs Byron Baer and Alex Morrisey and against certain of the defendants. Defendants here appeal from the orders granting plaintiffs' motions for summary judgment as to defendants' counterclaim.
In arriving at his judgment the trial judge concluded that the result reached was required by State v. Shack, 58 N.J. 297 (1971). It was there held that one is not answerable to a charge of criminal trespass where his purpose is to ascertain working conditions and make available governmental or charitable services on behalf of migrant farmworkers. This choice was made as "a fair adjustment of the competing needs of the parties, in the light of the realities of the relationship between the migrant worker and the operator of the housing facility." Id. at 307. It was obviously not intended that the privilege thus conferred should be absolute. The migrant workers' visitors may not engage in "behavior hurtful to others" and the farmer was to remain "entitled to pursue his farming activities without interference." Id. Implicit therein is the condition that the visitors conduct themselves according to the standards of reasonable *185 behavior, having due regard to surrounding circumstances and the reasonably foreseeable risks of harm to others.
The trial judge recognized that Shack imposed "the requirement that any such entrance be accomplished in a reasonable manner". In our view, however, he committed error in concluding that the requirement is satisfied as a matter of law where visitors having a legitimate interest in inspecting the premises merely identify themselves and state the general purpose of their visit. Other factors were clearly relevant. As the trial judge noted, when defendant Fred Sorbello saw plaintiffs Byron Baer and Alex Morrisey arrive he summoned the police but plaintiffs chose not to wait and proceeded directly onto the property. Unremarked upon by the judge was defendant's further contention that he expressly cautioned plaintiffs to await the arrival of the police and plaintiffs stated that they would not do so.
It is thoroughly settled that summary judgments are to be granted with extreme caution and that on a motion for summary judgment the moving papers and pleadings are to be considered in a light most favorable to the party opposing the motion, all doubts being resolved against the movant. Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963). The summary judgment procedure is no substitute for a plenary trial. United Advertising Corp. v. Metuchen, 35 N.J. 193, 196 (1961). From the proofs before the court it is clear that the reasonableness of plaintiffs' conduct under the facts and circumstances which must be determined, involving as it does an evaluation of human behavior, constituted a genuine issue of material fact which should not have been summarily resolved. It was typically appropriate for jury determination. Simmell v. N.J. Coop Co., 28 N.J. 1, 9 (1958).
The orders for summary judgment dated May 3, 1978 and November 29, 1978, dismissing defendants' counterclaim and amended counterclaim are reversed and the matter is remanded for plenary hearing.