ELBERT EVANS, JR., PLAINTIFF–APPELLANT, v. ELIZABETH POLICE DEPARTMENT AND/OR THE CITY OF ELIZABETH, AND MICHAEL DE ROGATIS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 6, 1983—Decided December 16, 1983.

Before Judges ANTELL and McELROY.

*Forman, Forman, Cardonsky, Andril & Bzura,* attorneys for appellant (*Leonard T. Bzura,* on the letter brief).

*Dwyer, Connell & Lisbona,* attorneys for respondents (*Pierce L. Butler* on the brief).

PER CURIAM.

Plaintiff was arrested by defendant DeRogatis, a police officer of the City of Elizabeth, at approximately 8:50 p.m. on February 12, 1981 in connection with a robbery which had occurred earlier that evening. He was then taken to Alexian Brothers Hospital where the female victim of the crime was receiving treatment for her injuries. As a result of the identification then made plaintiff was indicted by the Union County Grand Jury and eventually acquitted of the crime charged after a trial by jury. During the intervening four months he was detained in the Union County Jail.

This complaint was filed for the recovery of money damages based on plaintiff's allegation that his identification by the victim of the crime and subsequent indictment was the product of negligent procedures and practices followed by DeRogatis following defendant's apprehension. Plaintiff now appeals from an order for summary judgment in favor of defendants. The order under review is based upon the trial court's findings contained in a written opinion of May 13, 1983 that defendants were immune under *N.J.S.A.* 59:3–3 and *N.J.S.A.* 59:2–2(b) of the New Jersey Tort Claims Act. *N.J.S.A.* 59:3–3 provides that "[a] public employee is not liable if he acts in good faith in the execution or enforcement of any law." *N.J.S.A.* 59:2–2(b) confers immunity upon the public entity where its employee is not liable.

Although the trial court, in reaching its result, adequately documented the legal proposition that a public employee is not liable where "he acts in good faith in the execution or enforcement of any law," no where does it categorically find as a fact that DeRogatis acted in good faith or find facts which mandate such a conclusion as a matter of law. Furthermore, we are unable to discern in the factual material submitted in support of the motion anything which could be reasonably interpreted as addressing the question of the police officer's good faith in making the arrest.

It is, of course, settled that summary judgments should be denied unless the pleadings, depositions and affidavits on file show that there is no genuine issue of material fact and the moving party is entitled to such judgment as a matter of law. *R.* 4:46–2; *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 73–75 (1954). It is the movant's burden to exclude reasonable doubt as to the existence of the genuine issue of fact and all doubts must be resolved against the moving party. *Ruvolo v. American Cas. Co.,* 39 *N.J.* 490, 499 (1963); *United Advertising Corp. v. Metuchen,* 35 *N.J.* 193, 196 (1961).

The question of defendant's good faith does not lend itself to ready definition; rather, it must be sensitively treated in light of all the attendant facts and circumstances which give color and meaning to otherwise neutral conduct. The undertaking can rarely succeed except after a presentation of all the evidence through direct and cross-examination and until an opportunity has been afforded to observe the demeanor of the witnesses. It is not one which is appropriate for disposition on a motion for summary judgment. Furthermore, the issue projected by the complaint implicates "highly significant policy considerations," and for this reason also should not have been decided on less than a full record. *Jackson v. Muhlenberg Hospital,* 53 *N.J.* 138, 142 (1969).

As we wrote in *Mc Gowan v. Borough of Eatontown,* 151 *N.J.Super.* 440 (App.Div.1977), by reversing the summary judgment entered below we do not imply that a plenary trial must necessarily result in a jury question or a material issue of fact.

We only indicate the necessity in this case of a judge making the legal determinations on which the parties' rights hinge on a full and complete record. If, on a plenary hearing, the judge finds no factual issue present or finds a moving party is entitled to judgment as a matter of law, then judgment should be entered accordingly. [*Id.,* at 446]

The order for summary judgment is reversed and the matter is remanded for plenary hearing.