256 N.J. Super. 228 (1991)
606 A.2d 885
SCHURAN, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
WALNUT HILL ASSOCIATES, A NEW JERSEY GENERAL PARTNERSHIP, MEDFORD LAND COMPANY, INC., A NEW JERSEY CORPORATION, GERALD D. VINGL, AND WARREN WITTMAN, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided December 16, 1991.
*229 Clifford L. Van Syoc (Van Syoc Law Offices) Attorney for Plaintiff.
Steven D. Scherzer (Cooper, Perskie, April, Niedelman, Wagenheim & Levenson) Attorneys for Defendants, Warren Wittman and Medford Land Company, Inc.
*230 Stephen Hankin (Hankin, Sandson, Sandman & Cowhey) Attorneys for Defendants, Walnut Hill Associates and Gerald D. Vingl.
FRATTO, J.S.C.
The issue presented by this Partial Summary Judgment Motion is whether a lender is entitled to recover the principal of a loan where the interest rate violates N.J.S.A. 2C:21-19, the Criminal Usury Statute. This question has not yet been decided in any reported decision in this state.
Many material facts in this case are in dispute. They include the status of WALNUT HILL ASSOCIATES ("WALNUT HILL"), a New Jersey General Partnership composed of MEDFORD LAND COMPANY, INC., a Corporation, and GERALD D. VINGL, an individual, the amount of money actually loaned, as well as the method of calculating the interest rate.
The motion sub judice, however, presents this court with an issue solely involving questions of law. Such issues may be resolved on the basis of the pleadings and affidavits alone. R. 4:46-2, T & M Homes, Inc. v. Mansfield Tp., 162 N.J. Super. 497, 502, 393 A.2d 613 (Law Div. 1978). For the purposes of this motion, the moving papers are to be considered in a light most favorable to the party opposing the motion, with all doubts resolved against the movant. Baer v. Sorbello, 177 N.J. Super. 182, 185, 425 A.2d 1089 (App.Div. 1981).
The plaintiff contends that a loan was made to the defendants in the amount of $1,600,000. The defendants concede the loan was at least $1,300,000. Defendants have filed a counterclaim for money damages.
Loans which are in excess of $50,000 are regulated by N.J.S.A. 2C:21-19. Stuchin v. Kasirer, 237 N.J. Super. 604, 610 n. 3, 568 A.2d 907 (App.Div. 1990). N.J.S.A. 2C:21-19(a)(2) provides that:
Any loan or forbearance with an interest rate which exceeds 30% per annum shall not be a rate authorized or permitted by law, except if the loan or *231 forbearance is made to a corporation any rate not in excess of 50% per annum shall be a rate authorized by law.
A violation of this statute triggers a risk of incarceration for a three year period since it constitutes a third degree offense. N.J.S.A. 2C:43-6(a). The violator also faces a fine of up to $250,000. N.J.S.A. 2C:21-19(b).
The Criminal Usury Statute makes no mention of the effect on a loan contract which carries a rate of interest determined to be criminally usurious. WALNUT HILL urges the court to find, under the common law, that the contract for the loan is unenforceable and the parties are to be left where the court finds them if the interest rate is found to be in violation of the criminal statute. See e.g. Ryan v. Motor Credit Co., Inc., 132 N.J. Eq. 398, 28 A.2d 181 (E. & A. 1942). The application of this rule would prevent SCHURAN from recovering any of the principal of the loan to WALNUT HILL.
Defendant's reliance on this common law doctrine is misplaced. Usury was unknown to the common law, and is solely a creature of statute. Missouri, Kansas & Texas Co. v. Krumseig, 172 U.S. 351, 19 S.Ct. 179, 43 L.Ed. 474 (1898). The earliest statutes dealing with this subject in New Jersey voided instruments tainted with usury. Judge, later Justice Pashman, in dealing with a usurious mortgage loan under N.J.S.A. 31:1-3, traced the evolution of usury legislation in New Jersey from the earliest statutes providing for complete forfeiture through the enactment of N.J.S.A. 31:1-3, which provides for forfeiture of interest only. Gorrin v. Higgins, 73 N.J. Super. 243, 179 A.2d 554 (Ch.Div. 1962). As they stand today, neither N.J.S.A. 31:1-1 to 3, nor N.J.S.A. 2C:21-19 retain the language of the earlier statutes that provide for the avoidance of usurious contracts. See e.g. Hudnit v. Nash, 16 N.J. Eq. 550 (E. & A. 1862).
In construing a statute, it is the duty of the court to determine the intent of the legislature. AMN, Inc. New Jersey v. South Brunswick Tp. Rent Leveling Bd., 93 N.J. 518, 525, 461 A.2d 1138 (1983). Statutes cannot be read in a vacuum void *232 of relevant historical and political considerations and related legislation. Borough of Matawan v. Monmouth County Bd. of Taxation, 51 N.J. 291, 299, 240 A.2d 8 (1968). The court's sole responsibility in this interpretation is to effectuate the Legislature's goal to the extent provided by the statutory provisions. N.J.S.A. 1:1-1, State v. Fearick, 69 N.J. 32, 37, 350 A.2d 227 (1976). These legislative enactments must be viewed with reference to the common law. Since statutes regulating usury impose duties or establish rights which were not recognized by the common law, they are to be strictly interpreted so as to effectuate only the plainly expressed legislative intent. Five House v. Passaic Valley Water Commission, 127 N.J. Super. 451, 456, 317 A.2d 755 (App.Div. 1974); Carlos v. Okonite-Callender Cable Co., 3 N.J. 253, 265, 69 A.2d 734 (1949). The inclusion of specific penalties in the usury statutes, to the exclusion of avoidance, precludes a construction that the Legislature intended contracts in violation of such statutes to be absolutely void. This court cannot, and will not, superimpose any additional penalties which were not set forth by the explicit terms of these legislative enactments. Gorrin, supra, 73 N.J. Super. at 250, 179 A.2d 554.
The defendants raised equitable and policy considerations in urging the court to void the contract. Defendants assert that it would be a "sad day indeed" if a court of this State were to enforce a contract where the substance of the same constitutes a serious crime. Generally, where a statute provides that a violation thereof constitutes a criminal offense, a contract made in direct violation of the same is illegal and there can be no recovery thereon. Nevertheless, a penal statute is to be construed as a whole with reference to the system of which it is a part. State v. Brown, 22 N.J. 405, 415, 126 A.2d 161 (1956). See also, 17 C.J.S. Contracts § 201 (1963). The gist of the criminal offense defined by N.J.S.A. 2C:21-19 is the contracting for or receiving of interest at a rate exceeding the maximum amount authorized by law. Thus, it is only the excessive interest itself which is made illegal by the statute, not *233 the contract. If a contract contains an illegal provision and such provision is severable, courts will enforce the remainder of the contract after excising the illegal portion, so long as the prohibited and valid provisions are severable. Young v. Barker, 185 Kan. 246, 342 P.2d 150, 159 (1954); cf. Naseef v. Cord, Inc., 90 N.J. Super. 135, 216 A.2d 413 (App.Div.) aff'd 48 N.J. 317, 225 A.2d 343 (1966).
Finally, it would be the height of inequity to allow the borrower here to retain a windfall of over $1,000,000, where that borrower was a willing participant in the contract and fully advised by thorough and competent attorneys. As Justice Pashman asked in Gorrin, "Why should this Court come to the aid of a borrower who was a willing party to a usurious contract and give him greater protection than the legislature specifically provided?" Gorrin, supra, 73 N.J. Super. at 250, 179 A.2d 554.
Accordingly, partial summary judgment is entered in favor of the plaintiff for the principal amount of the loan. This determination is subject to proof of the amount of the loan and to proof as to defendants' entitlement to money damages on their counterclaim.